IN THE UNITED STATES DISTRICT OF COLUMBIA DISTRICT COURT

| | |
|---|---|
| Debra L. Smith ) | |
| PO Box 11655 ) | |
| Overland Park, KS 66207 ) | |
| 913-226-2961 ) | |
| Plaintiff, ) | No. 06-1117   R.W.R. |
| ) | |
| v. ) | |
| ) | |
| Secretary of the Army ) | |
| Francis J. Harvey ) | |
| The Pentagon ) | |
| Washington, DC 20318 ) | |
| Defendant, | |

RECEIVED
JUL - 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION

### Request for Pro Bono Counsel representation

#### Jurisdiction

1.  This Court has jurisdiction under 28 U.S.C. § 1331 Federal Question and the Administrative Procedure Act, 5 U.S.C. § 702 et. seq.

#### Parties

2.  I am the Plaintiff, Debra L. Smith. I am filing pro se and am a citizen of the United States who can be contacted with the information stated in the caption. I am a United States Army Reservist and a graduate of the United States Military Academy at West Point.

3.  Defendant is the Secretary of the United States Army.

#### Request for Pro Bono Counsel

4. Dear Honorable Judge Roberts, in my motion in which I requested a temporary restraining order, I said that I can afford the filing fee, but that I cannot afford a lawyer to file for me or find one to file on such a tight timeline, in regard to the temporary restraining order. Because of the

hindrance of my lack of legal knowledge and because of the lack of my proximity to the District Court, I request, if possible, to have a pro bono counsel assigned to me.

5. I would prefer that this counsel be a pro-se coach. I would also prefer that this person is one who does not typically handle military affairs, as some civilian lawyers skilled in military law reap profit from representing troops at military separation boards. One such civilian lawyer told me that he has represented 'hundreds' of people at these separation boards; he told me that troops lose their 5th Amendment rights after they join the military; he shouted at me when he told me that I should go to the separation board and not question validity of the board.

6. Because I think this due process and military separation board issue is a very important matter to be settled for many service members, I please request some assistance in navigating through the procedures. After listening to the entire Hamdan v. Rumsfeld oral argument, I was struck with what I think is the similarity of Army separation boards to the formerly proposed military tribunals at Guantanamo Bay Cuba. In both situations, it seems the general premises that courts martial and UCMJ follow are totally disregarded in an effort to obtain the desired outcome.

7. I think that this case is in the interest of justice and assigning of a counsel would possibly relieve the Court of most phone calls from me. While I have read, and am reading, the Federal Rules of Civil Procedures, there are seemingly unwritten rules about which I do not know. I think my argument is a simple one. I am willing to make it, even in a hearing, but I would prefer some assistance.

8. I will understand your decision, whatever you decide, and thank you for your consideration of this request.

Very Respectfully,

Debra L. Smith
Major, US Army Reserves, Individual Ready Reserves
PO Box 11655
Overland Park, KS 66207
913-226-2961