UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBRA L. SMITH,<br>    Plaintiff<br><br>    vs.<br><br>SECRETARY OF THE ARMY<br>FRANCIS J. HARVEY<br>    Defendant. | )<br>)<br>)<br>)  Civil Action No. 06-1117 (RWR)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**Introduction**

This case challenges the Secretary of the Army's ability to manage the United States Army's force structure. Plaintiff is being considered for involuntary separation because of misconduct and conduct unbecoming an officer, pursuant to Army Regulation 135-175, paragraphs 2-12(f) and (o), Separation of Officers, February 28, 1987. On March 3, 2006, plaintiff was notified that she was being considered for involuntary separation. Pl. Exhib. E, Encl. 6. In response to the notification memorandum, plaintiff failed to request a hearing before a board of officers. Plaintiff was notified on May 24, 2006 that an administrative separation board was scheduled to convene on July 12, 2006, giving plaintiff over six weeks notice. See Pl. Exhib. B. On June 19, 2006, plaintiff made application for a Temporary Restraining Order ("TRO"). She alleges that proceedings related to her involuntary separation, prior to the exhaustion of other administrative remedies, violates her rights to due process under the Fifth Amendment and the Administrative Procedure Act. See Pl. Compl. 2. Plaintiff claims

1

irreparable injury due to the previously scheduled July 12, 2006 board of officers, and the destruction of her classified email account with United States Central Command.  Id. at 2, 6. Defendant has agreed to maintain plaintiff's email accounts until January 15, 2007.  Defendant's Exhibit 1 (Hereinafter DEX #).

## ARGUMENT

**1.  Defendant Has Delayed Plaintiff's Separation Board and Agreed to Preserve Her E-mail Account**

Defendant has given plaintiff an additional thirty days to request a hearing before a board of officers, resign in lieu of elimination or, if eligible, request to retire.  DEX 2.  Army Regulation 135-175 ¶ 2-5(a) prohibits the involuntary separation of a U.S. Army Reserve Officer, such as plaintiff, except on the approved recommendations of a board of officers convened by competent authority.  Therefore if Plaintiff ignores the notice or requests a hearing, this thirty day notification period will be followed by an additional notice of the hearing date.  See Pl. Exhib. B giving Plaintiff notice of the previously scheduled board hearing.

Army Regulation 135-175 ¶ 2–19 gives Plaintiff the following rights regarding the Board: (1) Be furnished copies of the records which will be submitted to the board, and of other pertinent and releasable documents, which may be requested; (2) Consult with a consulting counsel; (3) Present his case before a board of officers at personal expense; (4) Be represented at any hearing by appointed counsel for representation military counsel of her own choice, provided such counsel is reasonably available, or civilian counsel at her own expense; and, (5) Submit statements in her own behalf.

Once the board meets to consider the evidence it is required to make findings and

recommendations as to retention or discharge. Id. ¶ 2-34. The Board must also prepare a report of the proceedings including a record of the hearing. If the Board recommends removal of the officer, then the officer who appointed the board must approve the recommendation. Army Regulation 135-175 ¶ 2-5(a). Finally, Headquarters Department of the Army must take final action on the removal of the officer. Id. ¶ 2-8.

While it is not possible to state exactly how long all of these procedures will take, given the delay in the involuntary separation proceedings, the emergency nature of plaintiff's motion is now moot. Additionally, defendant has agreed to maintain plaintiff's email account. DEX 1. Accordingly, the issue of destruction of e-mail accounts is also moot.

**2.    Plaintiff Does Not Satisfy the Requirements for Temporary or Preliminary Injunctive Relief Regarding Her Sole Remaining Contention**

The sole remaining issue on which Plaintiff requests a Temporary Restraining order and Preliminary Injunction is the administrative "Flag" that Defendant placed on her military personnel file.[1] The criteria that govern the issuance of temporary and preliminary injunctive relief in the District of Columbia are well-settled. In order for the Court to exercise its power to grant this extraordinary relief, the plaintiff must show: (1) a strong likelihood of prevailing on the merits of its claim; (2) that without injunctive relief it will suffer irreparable harm; (3) that, balancing hardships, the issuance of an injunction will not substantially harm other interested parties; and (4) that the public interest favors the requested injunction. Wisconsin Gas Co. v. FERC, 758 F.2d 669, 674 (D.C. Cir. 1985); Virginia Petroleum Jobbers Ass'n v. FPC, 259 F.2d

---

[1] A suspension of favorable actions (flag) prevents the plaintiff from receiving any favorable action such as promotion, transfer, and awards while the elimination action is pending. AR 600-8-2 governs suspension of favorable actions and is attached as DEX 3.

921, 925 (D.C. Cir. 1958) (per curiam); Washington Metropolitan Area Transportation Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843-44 (D.C. Cir. 1977). Preliminary relief is a drastic and extraordinary form of relief that should not be granted absent a clear and convincing showing by the moving party, Yakus v. United States, 321 U.S. 414 (1944); Kahane v. Secretary of State, 700 F.Supp. 1162, 1165 (D.D.C. 1988). This is an exacting standard that, as explained below, plaintiff cannot meet.

    **a. Plaintiff Fails to Show a Strong Likelihood of Prevailing On the Merits of her Claim Stated in the Complaint**.

Plaintiff cannot prevail on her challenge to the imposition of a Flag on her military records because as a Military Disciplinary measure the imposition of a Flag is a non-justiciable issue. See Brannum v. Lake, 311 F.3d 1127 (D.C. Cir. 2002), (dismissing under Feres[2] doctrine appellant's constitutional and statutory claims regarding alleged procedural violations suffered in Article 15 NJP imposed in lieu of court martial). The D.C. Circuit recently reiterated that military disciplinary decisions are not reviewable absent a decision of a Military Correction Board. In Piersal v. Winter, 435 F.3d 319 (D.C.Cir., 2006), the Court stated:

> In Kreis we also acknowledged the "fundamental and highly salutary principle" that "[j]udges are not given the task of running the [military]." 866 F.2d at 1511 (quoting Orloff v. Willoughby, 345 U.S. 83, 93 (1953)); see also Gilligan v. Morgan, 413 U.S. 1, 10 (1973). In light of that principle, we held nonjusticiable a serviceman's claim for retroactive promotion**.** We held justiciable, however, the serviceman's "more modest request" to review "the reasonableness" of the decision of a military board of correction pursuant to the standards of the APA. Kreis, 866 F.2d at 1511.

Id. at 322. While Plaintiff indicates that she has applied to the ABCMR, she asks this Court to intervene before that body issues its decision and review the military's imposition of a Flag

---

[2] Feres v. United States, 340 U.S. 135 (U.S. 1950).

directly, a review precluded by Brannum and Piersal.

Additionally, imposition of a Flag is required by Army regulations while a soldier is pending a separation action. AR 600-8-2 ¶ 1-12. Plaintiff's Due Process rights are defined by the separation regulation. The regulation does not provide additional notice and opportunity to be heard with regard to the Flag. The Flag is simply an administrative procedure to ensure that certain favorable personnel actions are not taken inadvertently while the officer is pending separation. AR 600-8-2 ¶¶ 1-14, 15. Until the separation action is decided, Army regulations require the Flag be maintained.

### b. Plaintiff Fails to Show She Will Suffer Substantial Irreparable Harm.

Plaintiff makes no allegations of what harm flows from the Flag placed on her records. An administrative Flag prevents positive personnel actions from being completed while the Flag remains in place. See AR 600-8-2 ¶ 1-14. However, if Plaintiff is ultimately retained by the elimination board or by her command, then the Flag would be lifted and any personnel action which was pending would become effective. AR 600-8-2 ¶ 2-7. Additionally, if plaintiff is separated from the Army, her injuries can be redressed by the ABCMR, which has the power to reinstate her to her prior status. Finally, the Supreme Court has specifically held that injuries which are typical incidents of any involuntary discharge from government service, such as loss of pay and damage to reputation, do not constitute irreparable harm. Sampson v. Murray, 415 U.S. 61, 90-92 (1974).

### c. The Interest of the Parties and the Public Interest Weigh Against the PI.

While the harm, if any, to Plaintiff would be slight and redressable, the harm to the Army would be drastic. Granting the requested TRO would significantly disrupt the operation of the

Army. Both the Supreme Court and our Court of Appeals have stressed the importance of granting the government "the widest possible latitude in the dispatch of its own affairs." Sampson v. Murray, 415 U.S. at 83; Bishop v. Wood, 426 U.S. 341, 349 (1976) ("The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies"); Andrade v. Lauer, 729 F.2d 1475, 1483 (D.C. Cir. 1984) (noting the court's "general reluctance to interfere in the finely-articulated statutory/regulatory scheme governing federal personnel practices"). The Suspension of Favorable Actions prevents Plaintiff from applying for Active Duty or Active Duty for Training status, assuming command, and being promoted. AR 600-8-2 ¶¶ 1-14, 15(f). As the Supreme Court has stated "Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters." Orloff v. Willoughby, 345 U.S. 83 (1953). Few decisions are more central to "running the Army" than determining whether an officer comes on active duty, assumes command of troops or is promoted to a higher grade.

   d. **The Public Interest**

Allowing plaintiff to obtain an interim injunction "wholly anticipates the administrative process and constitutes a complete denial of the strong and almost overriding principle that administrative remedies must be exhausted before relief in the courts is sought." Garcia v. United States, 680 F.2d 29, 31 (5th Cir. 1982). Consequently, granting preliminary injunctive relief in this case would be contrary to the public interest because such action would effectively short-circuit the administrative procedures. Additionally, with the United States involved in two armed conflicts, the public interest in the efficient operation of the Army is considerable.

# CONCLUSION

The emergency nature of Plaintiff's request is now moot and Plaintiff cannot meet the standard for such relief regarding her remaining claim. Defendant anticipates filing a dispositive motion in lieu of an answer. There is no reason why this case cannot proceed according to the time schedules allowed in the Federal Rules of Civil Procedure. Defendant respectfully requests that the Court deny the request for a TRO and Preliminary Injunction.

Respectfully submitted,

_____/s_____

KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____/s_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney

_____/s_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 353-9895

OF COUNSEL:
LIEUTENANT COLONEL JOSEPH C. FETTERMAN
MAJOR JERRETT W. DUNLAP
Office of The Judge Advocate General
Department of the Army
901 N. Stuart Street, Suite 400
Arlington, Virginia 22203

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Extension of Time to File its Reply was served by First-Class mail; postage prepaid to:

Debra L. Smith
P.O. Box #11655
Overland Park, KS 66207,

on this 7th day of July, 2006.

                                                              /s/
                                        KEVIN K. ROBITAILLE
                                        Special Assistant U.S. Attorney
                                        Civil Division
                                        555 Fourth St., N.W.
                                        Washington, D.C.  20530
                                        202-353-9895  / FAX 202-514-8780