**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                                  )
DEBRA SMITH,                      )
                                  )
          Plaintiff,              )
                                  )
     v.                           )     Civil Action No. 06-1117 (RWR)
                                  )
FRANCIS J. HARVEY,                )
                                  )
          Defendant.              )
_____  )
```

<u>MEMORANDUM OPINION AND ORDER</u>

Pro se plaintiff Debra Smith moves for a temporary restraining order and a preliminary injunction against defendant Francis Harvey, Secretary of the Army, seeking to have her email account preserved, to halt the Army's scheduled separation proceedings against her and to have a suspension of favorable action ("flag") lifted from her personnel file.  The Army opposes the motions, arguing that Smith's request regarding her email and the separation proceedings are moot because the Army has agreed to maintain Smith's email account and, instead of convening the scheduled separation board, the Army has given Smith additional time to request a new separation board, resign in lieu of elimination or retire.  The Army also argues that Smith's request to have the flag lifted from her file fails to satisfy the criteria for issuing a temporary restraining order or preliminary injunction.  Because the Army has agreed to preserve Smith's

-2-

email account and no separation board is currently scheduled to convene, Smith's requests for injunctive relief with respect to those issues are moot. Because Smith has failed to demonstrate substantial likelihood of success on the merits or irreparable harm with respect to her request that the flag be lifted from her personnel file, Smith's motions for a temporary restraining order and a preliminary injunction will be denied.

<u>BACKGROUND</u>

Smith is a major in the United States Army Reserves and a graduate of the United States Military Academy at West Point. On June 19, 2006, Smith filed suit against the Army alleging that her due process rights under the Fifth Amendment and Administrative Procedures Act ("APA") had been violated in connection with disciplinary action taken against Smith by the Army. Specifically, Smith alleges that a flag[1] has unjustifiably been placed on her personnel file and that the Army planned to convene a separation board on July 12, 2006 to consider removing her from the Army Reserves. Smith maintains that "[t]his board is based upon slanderous and knowingly, or at best, wantonly negligent untrue statements of a commander, COL Debra Cook." (Smith's Mot. for Prelim. Inj. at 2.) At the same time, Smith has initiated proceedings with the Army Board for the Correction

---

[1] A flag suspends various favorable personnel actions from taking effect during the time the flag is imposed. (<u>See</u> Def.'s Opp'n, Ex. 3, Army Reg. 600-8-2 ¶ 1-14.)

-3-

of Military Records, filed Article 138 complaints in regard to Colonel Debra Cook and the separation proceedings, and taken other steps aimed at vindicating herself.  Smith also contends that her classified email was to be destroyed on July 1, 2006.

When Smith filed her complaint in this court on June 19, 2006, she moved for a preliminary injunction, then moved for a temporary restraining order a few days later, and finally served the Army with the complaint and motions on June 29, 2006.  Since the filing of her complaint, the Army has represented that it will maintain Smith's email account until January 2007 and, instead of convening the separation board the Army scheduled for July 12, 2006, has given Smith additional time to request a new separation board, resign in lieu of elimination or retire.  (See Def.'s Opp'n, Ex. 1, Mem. from Peter Duke ¶ 1; Def.'s Opp'n, Ex. 2, Letter Col. Robert Marsh to Maj. Debra Smith, June 29, 2006.)  No separation board currently is scheduled to convene. (See Def.'s Opp'n at 2-3.)  In light of these representations, the Army opposes Smith's motions for injunctive relief, arguing that Smith's request regarding her email and the separation proceedings are now moot.  The Army opposes Smith's remaining request, arguing that it fails to satisfy the criteria for issuing a temporary restraining order or preliminary injunction.

-4-

DISCUSSION

In order to justify the issuance of a temporary restraining order or preliminary injunction, a movant must demonstrate that (1) irreparable harm will result absent the immediate intervention of the court, (2) the movant is likely to succeed on the merits of the underlying dispute, (3) any harm to other parties that would be caused by granting the requested relief does not outweigh the equities in favor of granting the relief, and (4) granting the requested relief serves the public interest. Serono Labs., Inc. v. Shalala, 158 F.3d 1313, 1317-18 (D.C. Cir. 1998) (citing Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977)); CityFed Fin. Corp. v. Office of Thrift Supervision, 58 F.3d 738, 746 (D.C. Cir. 1995). A temporary restraining order or preliminary injunction is a "drastic and extraordinary form of relief that should not be granted absent a clear and convincing showing by the moving party." Kahane v. Sec'y of State, 700 F. Supp. 1162, 1165 (D.D.C. 1998) (citing Yukus v. United States, 321 U.S. 414 (1944)). A court may deny a plaintiff's application for a temporary restraining order or preliminary injunction without first providing a hearing on the merits when the record is sufficient to demonstrate a lack of right to relief. See Johnson v. Holway, 329 F. Supp. 2d 12, 14 n.1 (D.D.C. 2004); see also Local Civil Rule 65.1(d) (allowing a court to decide a motion for preliminary injunction on the papers before holding a hearing).

-5-

I.    SEPARATION BOARD AND SMITH'S EMAIL ACCOUNT

Smith alleges that her classified email account was set to be destroyed on July 1, 2006 and that a separation board was set to convene on July 12, 2006.  The Army now represents that Smith's email account will remain active until January 15, 2007. The Army has also canceled the separation board that had been scheduled to begin on July 12, 2006 and given Smith additional time to request a new separation board, resign in lieu of elimination or retire.  Pending Smith's response, no separation board currently is scheduled to convene.

Because the Army has agreed to preserve Smith's email account and no separation board currently is scheduled to convene, Smith's motions for immediate injunctive relief with respect to these issues are moot.

II.   FLAG ON SMITH'S PERSONNEL FILE

Smith fails to articulate any reasons why she is likely to succeed on the merits of her claim to have the flag lifted from her personnel file or demonstrate any irreparable harm from her personnel file having been flagged.  In any event, it appears unlikely that Smith could make such a showing.  Courts are "particularly wary of dictating to the military the manner in which personnel decisions should be made." Gillan v. England, Civil Action No. 04-311 (HHK), 2005 WL 3213900, at *4 (D.D.C. Nov. 1, 2005).  A court may review the decision of a military board of correction to determine if its decision was arbitrary or

-6-

capricious under the APA, but military personnel decisions, such as a claim for retroactive promotion, are nonjusticiable.  <u>See</u> <u>Piersall v. Winter</u>, 435 F.3d 319, 322 (D.C. Cir. 2006).  The imposition of a flag on an Amry reservist's personnel file for alleged misconduct, absent any decision from a board of correction, appears to be a nonjusticiable personnel decision unreviewable by this court.  Moreover, it is unclear that Smith could show irreparable harm because the flag represents only a suspension of various favorable personnel actions from taking effect, not a permanent deprivation.  (<u>See</u> Def.'s Opp'n, Ex. 3, Army Reg. 600-8-2 ¶ 1-12 (explaining when a flag should be imposed and subsequently removed).)  Because Smith does not, and likely cannot, demonstrate a strong likelihood of success on the merits or irreparable harm, she is not entitled to a preliminary injunction or a temporary restraining order.

CONCLUSION

Because the Army has agreed to preserve Smith's email account and no separation board is currently scheduled to convene, Smith's motions for injunctive relief with respect to those issues are moot.  Because Smith has failed to demonstrate substantial likelihood of success on the merits or irreparable harm with respect to her request that the flag be lifted from her personnel file, Smith's motions for a preliminary injunction and a temporary restraining order will be denied.  Accordingly, it is hereby

-7-

ORDERED that Smith's motion [3] for a preliminary injunction and motion [4] for a temporary restraining order be, and hereby are, DENIED.

SIGNED this 17th day of July, 2006.

_____/s/_____

RICHARD W. ROBERTS
United States District Judge
