IN THE UNITED STATES DISTRICT OF COLUMBIA DISTRICT COURT

Debra L. Smith )
PO Box 11655 )
Overland Park, KS 66207 )
913-226-2961 )
          Plaintiff, )
           ) No. 06-1117 (RWR)
v. )
           )
           )
Secretary of the Army )
Francis J. Harvey )
The Pentagon )
Washington, DC 20318 )
           )
          Defendant,

**RECEIVED**
JUL 1 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION

### Request for Oral Hearing in reference to Preliminary Injunction Request

#### Jurisdiction

1.  This Court has jurisdiction under 28 U.S.C. § 1331 Federal Question and the Administrative Procedure Act, 5 U.S.C. § 702 et. seq.

#### Parties

2.  I am the Plaintiff, Debra L. Smith. I am filing pro se.

3.  Defendant is the Secretary of the United States Army.

#### Request with explanation

1. Dear Honorable Judge Roberts, this is motion is to request an oral hearing in regard to my request for preliminary injunction. On 12 July 2006, I received, via email, the Defendant's opposition to my request for preliminary injunction. I think there are some fairly significant errors in statements, which I hope to address at an oral hearing.

2. At the heart of the issue is the fact that the emergency nature is not 'moot' as the Defendant espouses. Simply delaying the elimination board for 30 or so days does not negate the emergent situation of this matter. As I stated before, the taxpayer has paid far too much for my education and training to have this elimination board simply moved back a bit. Again, I request that the board be indefinitely suspended until I can exhaust the administrative remedies the Army has set forth in their regulations.

3. As well, only preserving my classified email until January 2007, as Defendant states will happen, does not solve the problem. It might take longer than that to settle some issues, which include reprisal. Again, I request that my classified email be saved, indefinitely, until I can exhaust my administrative remedies. I have served closely with those in the CENTCOM J6 directorate, which oversees information technology. They have enough storage to save my email indefinitely.

4. Last, and incredibly, the Defendant says that the flag, which has been on my file since 12 February 2006, is simply an administrative measure and 'non-justiciable.' I, and the Army Regulation, 600-8-2, disagree. The flag is a suspension of favorable action, which includes barring me from signing up with a unit. If I cannot sign up with a unit (i.e. reassignment), my medical coverage is finished around 12 August 2006. The flag bars me from doing many things critical for my career, including attending schooling. The clock is still ticking when it comes to the time I have to attain schooling and clean up my record before my promotion board, and this flag impedes that. Also, I have been a commander when one of my troops was flagged and his reenlistment was pending. I can tell you that he and his young family took the flag very seriously. If the flag were not to be lifted in time, he would have been out of a job because he could not reenlist. To say that a flag is 'simply' an administrative measure shows an ignorance of the Army system, in my opinion. Additionally, the Army typically plays these semantic games when they punish people in ways that are not listed in the UCMJ (aka Article 15 or Courts Martial). They call it an 'administrative measure' even though it is clearly punishment. Below are some, but not



all, of the actions I cannot take because of the flag. This is from the Army Regulation 600-8-2, dated 23 December 2004.

  a. Appointment, reappointment, reenlistment, and extension.
  b. Entry on active duty (AD) or active duty for training (ADT).
  c. Reassignment.
  d. Promotion or reevaluation for promotion.
  e. Awards and decorations.
  f. Attendance at civil or military schooling.
  g. Unqualified resignation or discharge.
  h. Retirement.
  i. Advanced or excess leave.
  j. Payment of enlistment bonus (EB) or selective reenlistment bonus (SRB).
  k. Assumption of command.
  l. Family member travel to an oversea command (when sponsor is overseas).
  m. Command sponsorship of family members in an oversea command (when sponsor is overseas).

The flag is justiciable because the flag deprives me of liberty without due process, my 5th Amendment right. I, as an officer, have sworn to uphold and defend the Constitution. I surely can be protected by the same Constitution I've sworn to defend, even with my life. Further, normally flags are not put on one's file until the matter is settled, such as in the 'flagging' of one's file for failing a PT test or being overweight. The Army does not flag a troop in hopes that one day she will not pass the PT test or the weight test. They flag AFTER the PT or weight test is failed. A more appropriate measure would be for the Army to flag only after the board has made recommendations, if negative, and until the final authority gives approval. Moreover, the case law the Defendant cited deals with Article 15, non-judicial punishment, in lieu of courts martial, all of which are punishments under the UCMJ. As mentioned above, Army 'flags' and reprimands are laughingly called 'administrative measures' although they are more harmful to one's career than an Article 15 in many cases. Many troops would prefer to be punished by Article 15 because then they could opt for a Courts martial, which the Army would not pursue in most cases. To prevent the troop from asking for courts martial, with all lawful protections, the Army has invented different ways of punishing troops, calling them 'administrative measures.' Defendant's argument is misleading.

<u>Other discrepancies noted with Defendant's complaint</u>

1. While I will briefly mention this here, I plan to go into greater detail about his in an amended complaint I will be filing shortly. I want to clarify some of the dates Defendant gave.

**12 February 2006.** I was flagged. In contravention of Army Regulation, I was not told of the flag on the day it was imposed nor was I told the reason for the flag.

**3 March 2006.** Elimination letter was signed by COL Debra Cook. I did not receive that document until the middle of March 2006. So, I waited four weeks, after the flag was imposed, to get the elimination letter I should have received immediately.

**24 May 2006.** Notice of a board was sent to me by the 'board' recorder. Obviously, I did not receive the document the day this was written. I note that it took 3 ½ months, after the flag was imposed, to get a notice of a board.

**3 July 2006.** Finally, close to 5 months after the flag was imposed and only ONE week before the previously schedule 12 July 2006 board, I received 'evidence' that Human Resources Command – St. Louis (HRC-SL) will use against me. This is a **gross** violation of due process, even without considering on-going inquiries and Article 138 complaints. *I make a special note that the Defendant failed to mention this date in his opposition, although he did quote the regulation which states I am to have any papers.* I also note that some of these papers are written by people who were expressly told to stay away from me at CENTCOM because they were harassing and threatening. Currently the Article 138 about those issues is at the Army's The Judge Advocate General (TJAG) for review. Again, if I am not given due process with the on-going procedures, the 'subject' becomes the 'victim' in these separation proceedings and the 'victim' (me), in the on-going procedures such as the Article 138, becomes the 'subject.' This process is ripe for reprisal.

2. Next point is that in almost every citation, which HRC-SL uses against me in the elimination letter, HRC-SL brings up a settled issue, which is against the 5th amendment double jeopardy clause and is against UCMJ Article 21, which says that any tribunals or para-courts martial



proceedings must use the general legal guidelines for courts martial. <u>Hamdan v. Rumsfeld</u> ruled on this similar issue. These settled issues are issues that a county court judge; that Major General Anderson, former Human Resource Commander; and HRC-SL themselves have previously dismissed. This issue of bringing up settled matters, coupled with the due process issue, makes this seem like a witch hunt. Surely, I do know of *specific examples* of officers who have records far worse than mine who have never been threatened with removal once. These include Reserve Majors that cannot even calculate a tip at a restaurant. I will address this double jeopardy issue further in my amended complaint.

3. Next issue is, again, due process. The Supreme Court case <u>Goss v Lopez</u> ruled that a student could not be suspended for even one day without being given reason and a chance to rebut. They also said that the 10 day suspension was not of insignificant consequence. Further, it is my 5th amendment right and my right under the Administrative Procedures Act (A.P.A.). The Army goes in great detail to set forth measures to appeal evaluations, to appeal reprimands, to rebut security access / clearance issues, etc. For this 'elimination board' to supercede the very procedures the Army has put in place, without regard for my official record, and based on the nebulous accusations of 'misconduct' is wrong, not lawful or Constitutional.

4. The Defendant, on page 6 of his opposition, talks about coming on active duty, commanding troops and being promoted. I'm not asking for any of those, per se, at this time. Removal from the Reserves, as the Defendant's HRC-SL is trying to do, doesn't deal with my command of troops, being promoted or coming on active duty. I am not requesting that, neither is this separation board about the blocking of my doing that. This separation board is about my staying in the Reserves. The argument is misleading.

5. Settled case law says that I am not expected to exhaust my administrative remedies when to do so would prove futile. That seems to wipe out many of the Defendant's arguments about the justiciable-ness of this action.



6. Defendant says that a preliminary injunction may be seen as drastic, although I don't know if that is the per-se definition of one. Yes, this issue is an important and emergent issue and I think my arguments satisfy the requirements. I hope the judge will agree.

7. Last, I include a quote from the Congressional Research Service report dated 5 July 2006..

> **Summary**
> The Army's enlisted recruiting shortfall in 2005 generated significant congressional and media interest, and served as the impetus for several legislative initiatives. However, until very recently, there has been little mention or visibility of potential shortages in the Army's officer corps. This problem is currently unique to the Army. While specific skill shortages and imbalances have been reported by the other services, only the Army is reflecting service-wide active component shortages.
> The Army currently projects an officer shortage of nearly 3,000 in fiscal year (FY) 2007, **with the most acute shortfalls in "senior" captains and majors with 11 to 17 years of experience.** For example, the Army considers any personnel "fill rate" (the number of officers available to fill requirements) of less than 85% a "critical" shortage, and projects a fill rate of 82.6% for majors in FY2007.

It is clear that the Army is in desperate need of majors, especially in this time of war. I have a good and proven 15 year track record, on active duty, in the toughest Army jobs. My last four evaluations have been good. I've received honorable discharges. Yet, HRC-SL, seeks to lie, to open settled issues, and to not give me due process, in an effort to eliminate me. That is wrong and the process is not consistent. HRC-SL functions as prosecutor, jury and judge. The entire process is very suspect and is ripe for abuse. It parallels the arguments set forth, in <u>Hamdan v. Rumsfeld,</u> which stated that the tribunals failed to comply with the general lawful guidelines set forth in the UCMJ and Manual for Courts Martial.

<u>**Prayer and Request**</u>

Dear Judge Roberts, I ask that you grant my request for oral hearing.

Very Respectfully,

*Debra L. Smith*

Debra L. Smith
Major, US Army Reserves, Individual Ready Reserves
PO Box 11655
Overland Park, KS 66207
913-226-2961