IN THE UNITED STATES DISTRICT OF COLUMBIA DISTRICT COURT

| | | |
|---|---|---|
| Debra L. Smith<br>PO Box 11655<br>Overland Park, KS 66207<br>913-226-2961<br>    Plaintiff,<br><br>v.<br><br><br>Secretary of the Army<br>Francis J. Harvey<br>The Pentagon<br>Washington, DC 20318<br><br>    Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 06-1117 (RWR) |

RECEIVED
JUL 2 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION

### Request for Reconsideration of Preliminary Injunction based on new evidence

#### Jurisdiction

1. This Court has jurisdiction under 28 U.S.C. § 1331 Federal Question and the Administrative Procedure Act, 5 U.S.C. § 702 et. seq.

#### Parties

1. I am the Plaintiff, Debra L. Smith. I am filing pro se.

2. Defendant is the Secretary of the United States Army.

#### Request

1. I, the plaintiff, am requesting the judge to re-consider his denial of my preliminary injunction based on new evidence and on the Local Rules. I still invoke all the arguments I previously set forth in my original request for preliminary injunction and the following.



2. The first document I request the court consider is my Request for Oral Hearing in regard to a Preliminary Injunction. Although the United States Postal System records that document as arriving on 17 July 2006, the docket, via the Pacer system, shows that as of 18 July 2006 my Request for Oral Hearing in regard to Preliminary Injunction still is not posted. Therefore, I make the assumption that the judge did not see it before he ruled on the preliminary injunction. It contains very relative facts as to the 'flag,' or suspension of favorable action, which may change his mind. Further, the court's Local Rule 56.1 states that 'on the request of the moving party together with a statement of facts which make expedition essential, a hearing on an application for preliminary injunction shall be set by the court no later than 20 days after its filing, unless the court earlier decides the motion on the papers or makes a finding that a later hearing date will not prejudice the parties." That document, which I sent on 13 July 2006 and which arrived the courthouse on the afternoon of 17 July 2006, requests that an oral hearing date be set. I still request that.

3. In second set of documents, contained in exhibits one and two attached, you'll see that the very day **after** the judge writes the opinion, saying that 'no separation board is currently scheduled,' Human Resource Command – St. Louis (HRC-SL) wrote to my military legal advisor saying that he would like to schedule a board for 31 August 2006. This action does not seem to be in-line with the judge's ruling that the issue is 'moot' because a board is currently not scheduled. Indeed, this kind of disregard for the judge's ruling is exactly why I am asking for a preliminary injunction. The Defendant has 60 days to answer my complaint. Then, I plan to file for discovery. I will request an oral hearing. Certainly, it is not sure that even this court proceeding will be finished by 31 August 2006. As well, the last time, it took HRC-SL 3 ½ months, 12 February 2006 to 24 May 2006, to even inform me of a board. They didn't attempt to schedule one until a set 30 day period was up. I do not agree with their 30 day 'rule,' as I think that I, as seen in the 6th Amendment and as emphasized by Justice Scalia in the oral arguments of



Hamdan v. Rumsfeld, always have a right to be present at any trial or mock trial against me. Even so, they don't follow their own rules, as the 30 day period they gave me on 3 July 2006, to respond as to my appearing, is not yet up and yet they are already trying to re-schedule the board.

4. Last, I note that the Defendant did not file his opposition to the Preliminary Injunction motion until 7 July 2006. He was served on 29 June 2006. The court's Local Rule 65.1 C states that 'The opposition shall be served and filed within five days after service of the application for preliminary injunction.' Defendant's five day mark was 4 July 2006. He did not respond until 7 July 2006. Local Rule 7 B states that 'If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.' Granted, that rule says, 'may,' and is in reference to a normal opposition motion, but I think the same principle can apply to a preliminary injunction.

### Request sought

I ask the honorable judge to please reconsider, based on new evidence, your opinion in regard to my request for preliminary injunction.


Very Respectfully,

*Debra L. Smith*
Debra L. Smith
Major, US Army Reserves, Individual Ready Reserves
PO Box 11655
Overland Park, KS 66207
913-226-2961

3

Subj:   **FW: MAJ Smith (UNCLASSIFIED)**
Date:   7/18/2006 3:02:14 P.M. Central Daylight Time
From:   David.Black@ed.gov
To:     DLS6834@aol.com

This must be why they are moving forward. Note that the judge does put some weight on the fact that a board is no longer pending. Now on 18 July, one day after Judge noted that a board is not pending, they are trying to set a "new" board on August 31st.

-----Original Message-----
**From:** Laws, David MAJ, HRC-St. Louis [mailto:David.Laws@hrcstl.army.mil]
**Sent:** Tuesday, July 18, 2006 3:55 PM
**To:** Black, David F.; david.f.black@us.army.mil
**Subject:** MAJ Smith (UNCLASSIFIED)

Classification: **UNCLASSIFIED**

Caveats: FOUO

MAJ Black,

*[handwritten: HRC knew of decision. DLS]*

Attached is a copy of the court decision in MAJ Smith's district court case. MAJ Smith sent an e-mail to COL Holcombe, MG Castro, MG Hernandez and LTG Stultz on 9 July stating that the notification sent to her does not include witnesses that she may want to call at the Board. If MAJ Smith wishes for the government to try to make certain witnesses available, please have her provide a list as soon as possible.

*[handwritten: No not true in characterization. I was pointing out the ridiculously arbitrary board in which HRC-SL & its officer function as jury, judge & prosecutor. DLS]*

DAVID W. LAWS
MAJ, JA
Assistant Command Judge Advocate
(314) 592-0678
FAX: (314)592-1014

CAUTION: This message may contain information protected by the attorney client, attorney product, deliberative process, or other privilege. If you have received it in error, contact the sender immediately. The guidance contained in this e-mail message is unofficial. If official guidance is required, a written request must be submitted. The Office of the Command Judge Advocate provides no assurance as to the integrity of the content of this e-mail message after it has been sent and received by the intended recipient.

Classification: **UNCLASSIFIED**

Caveats: FOUO

Tuesday, July 18, 2006 America Online: dls6834

*[handwritten: Exhibit 1]*

Subj:     **FW: MAJ Smith (UNCLASSIFIED)**
Date:     7/18/2006 3:38:36 P.M. Central Daylight Time
From:     David.Black@ed.gov
To:       DLS6834@aol.com

-----Original Message-----
**From:** Laws, David MAJ, HRC-St. Louis [mailto:David.Laws@hrcstl.army.mil]
**Sent:** Tuesday, July 18, 2006 9:31 AM
**To:** Black, David F.; david.f.black@us.army.mil
**Subject:** MAJ Smith (UNCLASSIFIED)

Classification: **UNCLASSIFIED**

Caveats: FOUO

MAJ Black,

[Handwritten note: One day after judge says issue is moot because board is not scheduled, a board is scheduled tentatively. DLS]

I would like to tentatively schedule the Board for 31 August, but I am wating for confirmation from the Board President and Legal Advisor. Please let me know as soon as possible whether you will be representing MAJ Smith at the Board or submitting an affidavit stating that she refused your representation. If you are not going to represent her, I need the affidavit as soon as practical as the SOCO opinion indicates it should be included as an exhibit.

DAVID W. LAWS
MAJ, JA
Assistant Command Judge Advocate
(314) 592-0678
FAX: (314)592-1014

CAUTION: This message may contain information protected by the attorney client, attorney product, deliberative process, or other privilege. If you have received it in error, contact the sender immediately. The guidance contained in this e-mail message is unofficial. If official guidance is required, a written request must be submitted. The Office of the Command Judge Advocate provides no assurance as to the integrity of the content of this e-mail message after it has been sent and received by the intended recipient.

Classification: **UNCLASSIFIED**

Caveats: FOUO

Tuesday, July 18, 2006 America Online: dls6834

[Handwritten: Exhibit 2]