UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEBRA L. SMITH, | ) | |
|     Plaintiff | ) | |
| | ) | |
|     vs. | ) | Civil Action No. 06-1117 (RWR) |
| | ) | |
| SECRETARY OF THE ARMY | ) | |
| FRANCIS J. HARVEY | ) | |
|     Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S REQUEST FOR RECONSIDERATION**

Plaintiff challenges a United States Army regulation that establishes the procedures for the involuntary separation of U.S. Army Reserve (USAR) commissioned officers. This Court previously denied Plaintiff's Motion for a TRO noting that the Army had delayed her separation board and agreed to maintain her email account, mooting those two issues. See Docket Entry 9. Additionally, the Court noted that Plaintiff had failed to show a substantial likelihood of success on the merits regarding her request to lift a suspension of favorable actions or FLAG from her file.

Plaintiff now seeks reconsideration of the Court's denial of her request for a temporary restraining order and a preliminary injunction against defendant Francis Harvey, Secretary of the Army. Plaintiff's request is meritless and should be denied. Plaintiff bases the request on allegedly new evidence and on a misreading of the local rules. Plaintiff's new evidence consists of an e-mail from the Board's recorder[1] to Plaintiff's appointed military counsel stating that he

---

[1] In a Board of Officers, the recorder is responsible for administrative support for the

1

would "like to tentatively schedule the board for August 31" and seeking to determine if Plaintiff has refused his representation. See Docket entry 13 page 5. As is clear from Plaintiff's submission, the Board has not yet been rescheduled as the Board recorder is suggesting a tentative date. Id. Additionally, Plaintiff's submission shows that she has yet to avail herself of the procedures she is afforded by regulation. Id.

Even if the Board date were firmly established, Plaintiff's request for injunctive relief regarding the Board should be denied. Plaintiff can no more show a likelihood of success on the merits or irreparable harm from this military personnel action than she could regarding the FLAG placed on her file.

First, it is settled that, absent some right created by statute or regulation, military officers have no constitutionally protected property rights in continued military service. 10 U.S.C. § 681(a) (2005); Woodard v. United States, 871 F. 2d 1068 (Fed. Cir 1989); Alberico v. United States, 783 F. 2d 1083 (Fed. Cir. 1986). As plaintiff has demonstrated no right, created by statute or regulation, to remain in the USAR, she has suffered no actionable injury. Second, plaintiff fails to recognize the substantial due process rights that are afforded to officers under Army Reg. 135-175. If plaintiff chooses to participate in the involuntary separation board, she will have the right to: appear before the Board, be represented by counsel, challenge members, present evidence, access records, question witnesses, and testify or remain silent. Army Reg. 135-175, ¶ 2-27(b). She has further

---

board, the presentation of evidence, the examination of witnesses, and the prompt and accurate preparation of the report of proceedings. Army Reg. 15-6, Procedures for Investigating Officers and Boards of Officers, ¶ 5-3.

due process rights following the Board, to include application to the approval authority, as well as access to the ABCMR and ADRB.

Second, as the Court noted in denying Plaintiff's original request:

> Courts are "particularly wary of dictating to the military the manner in which personnel decisions should be made." Gillan v. England, Civil Action No. 04-311 (HHK), 2005 WL 3213900, at *4 (D.D.C. Nov. 1, 2005). A court may review the decision of a military board of correction to determine if its decision was arbitrary or capricious under the APA, but military personnel decisions, such as a claim for retroactive promotion, are nonjusticiable. See Piersall v. Winter, 435 F.3d 319, 322 (D.C. Cir. 2006).

Like the imposition of a FLAG the removal of an officer for misconduct is a nonjusticiable military personnel decision. The federal courts "are ill-equipped to determine the impact upon discipline that any particular intrusion upon military authority might have." Chappell v. Wallace, 462 U.S. 296, 305 (1983). As the Supreme Court held in Rostker v. Goldberg:

> [I]t is difficult to conceive of an area of governmental activity in which the courts have less competence. The complex, subtle, and professional decisions as to the composition, training, equipping, and control of a military force are essentially professional military judgements, subject always to civilian control of the Legislative and Executive Branches.

453 U.S. 57, 65 (1981). "[J]udges are not given the task of running the Army . . . . [O]rderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters. Orloff, 345 U.S. 93-94.

Judicial intervention in this case poses more than a hypothetical threat to the unique relationship that exists between the USAR leaders and their subordinates. To resolve plaintiff's allegations, the Court would need to inquire into the appropriate structure and timing of administrative separation proceedings. It is precisely the intrusive nature of any judicial review that destroys military discipline and the command relationship. As a result of such review, in the future officers in the USAR necessarily would hesitate before making any decision, to consider the "litigation risks" of their actions. Such results would effectively cripple the effectiveness of the USAR. Because of these concerns, both the Supreme Court and this Circuit have ruled that suits such as this are nonjusticiable.

Finally, as Plaintiff would still have recourse to the ABCMR any harm suffered by Plaintiff would be fully redressable and thus not irreparable. The ABCMR has the authority to correct Plaintiff's military record and reinstate her with full pay and benefits.

Plaintiff's arguments based on the local rules is equally meritless. Plaintiff suggests that the Court is required to hold a hearing. However, as this Court held in denying Plaintiff's request:

> A court may deny a plaintiff's application for a temporary restraining order or preliminary injunction without first providing a hearing on the merits when the record is sufficient to demonstrate a lack of right to relief. See Johnson v. Holway, 329 F. Supp. 2d 12, 14 n.1 (D.D.C. 2004); see also Local Civil Rule 65.1(d) (allowing a court to decide a motion for preliminary injunction on the papers before holding a hearing).

Plaintiff also alleges that the government's response was not timely. Plaintiff served the government with her complaint and motion on June 29, 2006. See Docket entry 13, page 3 see

4

also, Docket entry 9, page 3.  Five business days from June 29, 2006 was July 7, 2006.

Defendant filed it opposition on July 7, 2006.  Docket Entry 7.

    For the forgoing reasons, Plaintiff's Request for Reconsideration should be denied.

                  Respectfully submitted,

_____/s_____
KENNETH L.  WAINSTEIN, D.C.  Bar #451058
United States Attorney

_____/s_____
RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney

_____/s_____
KEVIN K. ROBITAILLE
Special Assistant U.S.  Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895

OF COUNSEL:
LIEUTENANT COLONEL JOSEPH C. FETTERMAN
MAJOR JERRETT W. DUNLAP
Office of The Judge Advocate General
Department of the Army
901 N. Stuart Street, Suite 400
Arlington, Virginia 22203

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Opposition to Plaintiff's Request for Reconsideration was served by First-Class mail; postage prepaid to:

Debra L. Smith
P.O. Box #11655
Overland Park, KS 66207,

on this 7th day of August, 2006.

_____/s/_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C.  20530
202-353-9895  / FAX 202-514-8780