UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____  )
                              )
**DEBRA SMITH,**              )
                              )
    **Plaintiff,**       )
                              )
  v.                          )    Civil Action No. 06-1117 (RWR)
                              )
**FRANCIS J. HARVEY,**        )
                              )
    **Defendant.**       )
_____  )

**MEMORANDUM ORDER**

    Pro se plaintiff Debra Smith moves for reconsideration of the July 17 Memorandum Opinion and Order ("July 17 Opinion") denying her request for a temporary restraining order and a preliminary injunction against defendant Francis Harvey, Secretary of the Army.  In her motion for injunctive relief, Smith sought to have her email account preserved, to halt the Army's scheduled separation proceedings against her, and to have a suspension of favorable action ("flag") lifted from her personnel file.  The July 17 Opinion denied Smith's request holding that she failed to demonstrate irreparable harm or likelihood of success on the merits for her request that the flag be lifted from her personnel file, and finding the remaining two issues moot.  Smith now argues 1) that she is entitled to a hearing on her previous motion, 2) that she has provided "very relative [sic] facts as to the 'flag,' or suspension of favorable

-2-

action, which may change [the court's] mind[,]" 3) that a separation board is planned for August 31, 2006, so her claim to that issue is not moot, and 4) that her motion should have been granted as conceded because the Army did not timely oppose her motion.  (See Smith's Mot. for Reconsideration at 2-3.)

Each of Smith's arguments fails.  Smith was not entitled to a hearing before a ruling was issued on her request for injunctive relief.  See Johnson v. Holway, 329 F. Supp. 2d 12, 14 n.1 (D.D.C. 2004) (denying a request for a temporary restraining order without holding a hearing because the record was sufficient to demonstrate a lack of right to relief).  Further, no additional relevant facts appear in Smith's motion for reconsideration in regard to the flag on her personnel file, and no other filings from Smith appear on the docket with additional relevant facts.[1]  In addition, Smith's submission of an email from the Army which indicates that the Army "would like to tentatively schedule" a separation board for August 31 is of little consequence because Smith still has failed to show a likelihood of success on the merits.  (See Smith's Mot. for

---

[1] Even if Smith had submitted additional facts, it is difficult to imagine facts that would be sufficient to demonstrate irreparable harm and a likelihood of success on the merits.  See Smith v. Harvey, Civil Action No. 06-1117 (RWR), 2006 WL 2025026, at *2 (D.D.C. July 17, 2006) (noting that "[t]he imposition of a flag on an Army reservist's personnel file for alleged misconduct, absent any decision from a board of correction, appears to be a nonjusticiable personnel decision unreviewable by this court").

-3-

Reconsideration, Ex. 2, E-mail from David Laws, July 18, 2006.) See Piersall v. Winter, 435 F.3d 319, 322 (D.C. Cir. 2006) (holding that military personnel decisions, such as a claim for retroactive promotion, are nonjusticiable); Gillan v. England, Civil Action No. 04-311 (HHK), 2005 WL 3213900, at *4 (D.D.C. Nov. 1, 2005) (noting that courts are "particularly wary of dictating to the military the manner in which personnel decisions should be made").  Finally, Smith served the Army on June 29, 2006, and the Army timely responded within five business days on July 7, 2006, as Local Civil Rule 65.1(c) required.  Accordingly, it is hereby

ORDERED that Smith's motion [13] for reconsideration be, and hereby is, DENIED.  It is further

ORDERED that Smith's motion [12] for waiver of fees for the Pacer system be, and hereby is, DENIED.

SIGNED this 10th day of August, 2006.

```
               /s/
RICHARD W. ROBERTS
United States District Judge
```