IN THE UNITED STATES DISTRICT OF COLUMBIA DISTRICT COURT

| | | |
|---|---|---|
| Debra L. Smith<br>PO Box 11655<br>Overland Park, KS 66207<br>913-226-2961<br>　　　　　　　Plaintiff,<br><br>v.<br><br><br>Secretary of the Army<br>Francis J. Harvey<br>The Pentagon<br>Washington, DC 20318<br>　　　　　　　Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br><br>No. 06-1117 (RWR) |

## MOTION

### Request to add exhibit to Second Request for Preliminary Injunction and to Amended Complaint

#### Jurisdiction

1. This Court has jurisdiction under 28 U.S.C. § 1331 Federal Question and the Administrative Procedure Act, 5 U.S.C. § 701 et. seq.

#### Parties

1. I am the Plaintiff, Debra L. Smith. I am filing pro se.

2. Defendant is the Secretary of the United States Army.

**RECEIVED**

AUG 1 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

#### Request

1. I, the plaintiff, request that the attached document be listed as Exhibit Three to the Request for Reconsideration for Preliminary Injunction, and be listed as Exhibit L to my Amended Complaint. I have provided two copies, thus labeled.

2. If a standard preliminary injunction is not issued, then I request a stay of government action against me until these proceedings are concluded. See 5 USC § 705.

Thank you.

Very Respectfully,

*Debra L Smith*

Debra L. Smith
Major, US Army Reserves, Individual Ready Reserves
PO Box 11655
Overland Park, KS 66207
913-226-2961



**DEPARTMENT OF THE ARMY**
U.S. ARMY HUMAN RESOURCES COMMAND
1 RESERVE WAY
ST. LOUIS, MO 63132-5200

AHRC-JA-S                                                                 18 July 2006

*[handwritten: Please note that this was written same day as email of same subject, and one day after ←]*

MEMORANDUM FOR MAJ Debra Smith, P.O. Box 11655, Leawood, KS 66207

SUBJECT: Administrative Separation Board

*[handwritten right margin: Judge denied my first P.I. request and 12 days before my time limit to respond, as COL Marsh told me.]*

1. An administrative separation board is scheduled to convene at 0900 hours on 31 August 2006 in the conference room located on the second floor of the Human Resources Command, 1 Reserve Way, St. Louis, MO 63132 to consider you for involuntary administrative separation under AR 135-175, paragraphs 2-12f, acts of personal misconduct and 2-12o, conduct unbecoming an officer.

2. The uniform will be Class A.

3. MAJ David Black, 22nd Legal Support Organization, has been designated as your counsel at no cost to you. *[handwritten: No, I do not want him to represent me]*

*[handwritten right margin: This is contrary to what US Attorney told judge and to what judge wrote in his 1st opinion.]*

4. You are urged to contact your counsel as soon as possible to discuss this notification. You may contact him at david.f.black@us.army.mil or (202) 245-6820.

                                          DAVID W. LAWS
                                          MAJ, JA
                                          Board Recorder

CF:
MAJ David Black

*[handwritten: The US Attorney, even in his opposition filed 8/7/06, is misleading the tribunal. He did this in his first opposition too.]*

*[handwritten bottom: 2nd PI Request Exhibit 3        Complaint Exhibit L]*

In re: Administrative Separation of   )
                                       )
Major Debra Smith                      )

**MOTION IN LIMINE**

**COMES NOW** The United States Army Reserve ("Army"), and requests this Board to enter an Order in Limine, to prevent any discussion in opening statement, questioning of witnesses or in argument concerning any of the following matters:

1. Psycho physiological Detection of Deception ("polygraph") Examination taken by Respondent Major Debra Smith ("Smith") on 28 November 2005 (attached hereto as Exhibit 1). AR 15-6, para. 3-6c(2) states that "[n]o evidence of the results, taking, or refusal of a polygraph (lie detector) test will be considered without the consent of the person involved in such tests. In a formal board proceeding with a respondent, the agreement of the recorder and of any respondent affected is required before such evidence can be accepted." Respondent has not requested and the Recorder does not agree to the admission of any evidence pertaining to polygraph examinations.

Mil. R. Evid. 707 provides that "… the results of a polygraph examination, the opinion of a polygraph examiner, or any reference to an offer to take, failure to take, or taking of a polygraph examination, shall not be admitted into evidence." The polygraph examination is unreliable. The validity and reliability of a polygraph test is highly dependent on how the polygraph examiner conducts the pre-test interview, poses the questions, and administers the test scores.

---

Handwritten annotations:

- The President of the board is not a lawyer. I doubt she understands this.
- again it is a board or court of inquiry but they use those terms interchangeably, it seems, to confuse.
- again looks like an Article 36 Court of inquiry to me, yet they don't follow that law.
- That also proves this is not fair & impartial. Recorder is prosecutor & jury & judge.
- So they want to suppress anything in my favor.
- I volunteered & passed a polygraph in regard to a reprimand I received. 1st, I haven't even had the chance to appeal reprimand yet. 2nd Why are they suppressing truth
- Where are the rules governing this board? I didn't know I can or cannot request this.
- Not true. Our CID agents use those frequently as interviewing tool.

Case 1:06-cv-01117-RWR   Document 17   Filed 08/11/2006   Page 5 of 9

United States v. Cordoba, 991 F.Supp. 1199, 1205 (C.D. Cal. 1998). The Army was not present when the examination was conducted. The questions asked are misleading and lend themselves to self-serving interpretation and rationalization sufficient to distort the findings of the examination. MAJ Smith prepared a document referred to as an "affidavit"[1] making 16 allegations. She was not questioned individually about each allegation, but was only asked two questions about her preparation of the affidavit. Accordingly, the Lie Detector Test is inadmissible.

*[Handwritten margin note: Again this deals with the reprimand. Further I'm appalled that while a 15-6 is on-going to investigate Major General Geehan, who gave me the reprimand, they are trying to use w/o letting use Army processes to exonerate myself.]*

2. MAJ Smith's willingness to take a polygraph examination or other individual's unwillingness to take a polygraph examination. "There is substantial case law that [a party] cannot bolster the credibility of a... witness by establishing that the individual had undergone a polygraph examination or was willing to." United States v. Tyler, 26 M.J. 680, 682 (A.F.C.M.R. 1988). "[N]either the willingness or unwillingness of a witness to take a polygraph test is admissible. Such evidence is not probative of the witness's truthfulness." Id. Further, AR 15-6, para. 3-6c(2) precludes not only the results of a polygraph examination, but the taking or refusal to take a polygraph examination.

3. All prior complaints, allegations or accusations made by MAJ Smith to the Inspector General's Office, Equal Opportunity Office, higher headquarters or other entity pertaining to the conduct of any person that has not been found by a competent authority (to be true or substantiated). MAJ Smith has made complaints against previous supervisors, superior officers and neighbors. She

*[Handwritten margin note: So they want to suppress All evidence showing their bias & their crimes. The board itself is supposed to comply with District Court rules, yet this worse than malicious selective prosecution. RS]*

---

[1] Webster Dictionary defines affidavit as a sworn statement in writing made especially under oath or on affirmation before an authorized magistrate or officer. The "affidavit" made by MAJ Smith was neither under oath or before an authorized officer.

2

has done so in the form of IG complaints, EO complaints, Article 138 claims and rebuttals to administrative actions. Although MAJ Smith has made numerous claims, the only complaint substantiated was that the Commander, U.S. Army Human Resources Command did not have jurisdiction to issue a Memorandum of Admonition. The fact that Smith made allegations against others does not prove the truth of the allegations. Evidence that Smith made such allegations is more prejudicial than probative. Further, the general rule is a person gains no corroboration merely because she repeats a statement a number of times. A witness may not be corroborated by showing that she made statements consistent with her testimony. United States v. Robertson, 1 M.J. 709, 711 (A.F.C.M.R. 1975).

[Handwritten annotation: "Give me a break. →This is malicious prosecution by judge and prosecutor & jury, all who are same entity."]

4. All ongoing investigations, claims, lawsuits or other forms of adjudication. As mentioned in the foregoing, MAJ Smith has made several claims that are currently in various stages of investigation or adjudication, implying that the ongoing action is evidence of the truth of her claims. However, the mere fact that allegations are being investigated or adjudicated does not prove the truthfulness of the allegations. The existence of an ongoing investigation, claim, lawsuit or other form of adjudication is not relevant and is more prejudicial than probative.

5. Motion for Temporary Restraining Order and Preliminary Injunction filed by MAJ Smith in the U.S. District Court for the District of Columbia. MAJ Smith filed pleadings in the District Court requesting that the Army be enjoined from conducting a Board to consider her elimination asserting that it is

3

unconstitutional to do so. The collateral attack on the Board is irrelevant to the proceeding. Further, the District Court denied MAJ Smith's motion finding that MAJ Smith failed to demonstrate a substantial likelihood of prevailing on the merits of the case.

*[handwritten: → Oh OK, so they enter anything they want. But I can't. This does not comply with Federal Rules of Evidence, which I've read, and which this board is supposed to follow for all those requests to suppress]*

6. <u>Consideration for selection in the Active Guard and Reserve (AGR) Program and as an alternate for the resident Intermediate Level Education (ILE) Course.</u> MAJ Smith has repeatedly stated that her selection for the AGR Program and ILE are evidence that she did not commit any misconduct. The subsequent consideration by a Board and selection does not prove that prior misconduct did not occur, nor does it prove good conduct. The Board selections are not relevant in the instant elimination action.

**WHEREFORE,** The United States Army Reserve respectfully requests of the Board an order directing Respondent not to mention, refer to or interrogate concerning, or voluntarily answer or attempt to convey before the Board, at any time during these proceedings in any manner, either directly or indirectly, the subject matters as stated above, and to instruct the parties to warn and caution all witnesses to follow these instructions.

*[handwritten: So the 'board recorder' who is other times deemed as the 'commanders' judge advocate is sending motions?]*

←  /s/
DAVID W. LAWS
MAJ, JA
Board Recorder

In re: Administrative Separation of    )
                                        )
Major Debra Smith                       )

## CERTIFICATE OF MAILING

I hereby certify that on the 21st day of July, 2006, a true and accurate copy of the foregoing Motion in Limine was mailed via the Unites States Postal Service, first class, postage prepaid, to MAJ David Black, 1301 S. Joyce St., #4336, Arlington, VA 22202 and MAJ Debra Smith, P.O. Box 11655, Leawood, KS 66207

DATED this 21st Day of July, 2006.

_____
DAVID W. LAWS
MAJ, JA
Board Recorder



**DEPARTMENT OF THE ARMY**
U.S. ARMY HUMAN RESOURCES COMMAND
1 RESERVE WAY
ST. LOUIS, MO 63132-5200

AHRC-ZA-S

3 August 2006

*That is hardly enough time to prepare, even if I wanted a board.*

MEMORANDUM FOR MAJ David Black, 1301 S. Joyce Street, # 4336, Arlington, VA 22202

SUBJECT: AR 135-175, Officer Elimination Action, MAJ Debra L. Smith, 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, P.O. Box 11655, Leawood, KS 66207

1. Enclosed please find copies of additional documents that may be submitted to the Board in the above entitled action.

*2 Aug 06 was deadline to respond which I did.*

2. The Board is scheduled to convene at **1000 hours** on 31 August 2006 at Human Resources Command, 1 Reserve Way, **Room 510**, St. Louis, MO 63132.

3. Requests for Orders by Respondent and/or Respondent's Counsel to attend the Board in a Title X status should be made to MAJ David W. Laws NLT 15 August 2006.

4. POC for this action is the undersigned at extension 314-592-0678.

DAVID W. LAWS
MAJ, JA
Board Recorder

Encls
as

cf: MAJ Debra Smith

*And against my wishes they have appointed a lawyer to represent me who knows nothing, or next to nothing, about my case.*