UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEBRA L. SMITH )
    Plantiff )
)
)
Vs. ) Civil Action No. 06-1117 (RWR)
)
SECRETARY OF THE ARMY )
FRANCIS J. HARVEY )
    Defendant )
)
)

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Introduction

Before I address some of the points made by the Defendant, I first discuss the purpose of the Defendant's motion, which is to dismiss my complaint.

Points that demand that this case not be dismissed

1. Defendant requests a motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b) (1) and 12 (b) (6), issues of subject matter jurisdiction and failure to state a claim.

2. I quote and use the same argument as Mr. Bradley Schwan did in his case, filed in the Central District of California, case CV 05-8857-DSF (VBKx):

"Dismissals in cases premised on federal question jurisdiction are exceptional and should be limited to cases where the federal claim is 'immaterial and made solely for the purpose of obtaining federal

RECEIVED
SEP 11 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

jurisdiction' or the 'claim is wholly and insubstantial and frivolous.' *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998).

  Similarly, a Rule 12 (b) (6) motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *E.g., Gilligan v. Jamco Develop. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citing *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986)). The complaint must be construed in the light most favorable to the plaintiff. *See, e.g., Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Rule 12 (b) (6) dismissals are "especially disfavored in cases where the complaint set forth a novel legal theory that can best be assessed after factual development.' *Baker v. Cuomo*, 58 F.3d 814, 818-819, (2nd Cir. 1995) (rehearing granted in part, *Baker v. Cuomo*, 67 F.3d 34 (2nd Cir. 1995)."

  Rules 12 (b) (1) and (6) are the standard reasons which Army and DOD uses to try to dismiss cases, including mine.

3. This court does have subject matter jurisdiction via the Administrative Procedures Act. The Department of Defense (DOD) is governed by the APA.

  a. 5 USC § 701 which talks of scope of review of an action states that " *'agency means each authority of the Government of the United States...but does not include – (F) courts martial and military commissions; (G) military authority exercised in the field in time of war or in occupied territory...*" DOD is clearly an agency. This court of inquiry, board of inquiry, elimination board, or separation board is not a courts martial and it is not a military commission. The military authority was not exercised in the field in time of war or occupied territory. Thus, the courts do have authority. The exceptions found in 5 USC § 701 (a) do not apply to this case. The action and authority of discharging a

reserve officer is given to the President of the United States.  It is not given, and it is not even implied to be given, per 10 USC §12681, to the Secretary of the Army, the Army Reserves, or the Army Human Resources Command or Commander – St. Louis.  That statute, and other statutes I've cited, do NOT preclude judicial review nor is the agency action (of separating a soldier) given agency discretion by law as the statute refers to.

      b.  5 USC § 706 clearly states that *"to the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an **agency action**.  The reviewing court shall…(2) hold unlawful and set aside agency action, findings, and conclusions found to be…(A) an abuse of discretion…(B) contrary to constitutional right,…(C) in excess of statutory jurisdiction, authority….(D) without observance of procedure required by law…and due account shall be taken of the rule of prejudicial error."* Agency action does not say final agency action in the first sentence.  These types of agency actions, listed above and committed against me by DOD and the Army, are what I'm bringing for this court's review, under the Administrative Procedures Act *and* under the Federal Question statute.  It is reasonable that the Armed Services be expected to follow the statutes that directly govern their operation.  Considering the 'litigation risks,' as the Defendant puts it, should not be out of the norm.  A commander or agency should consider the law before they act.  The DOD and Army assist in writing the laws and have a mandate to follow the laws Congress writes.  See U.S. Constitution, Article 1, Section Eight.  If they violate these laws then their actions are and should be reviewable in court.

  c. 5 USC § 704 states *"Agency action made reviewable by statute **and** final agency action, for which there is no other adequate remedy in a court, **are** subject to judicial review."* 'Are' is plural. It refers to two actions: 1) actions made reviewable by statute and 2) final agency action. Also, the final agency action part seems to say that if there is another remedy via a court, I should pursue it. It also does not make sense that the court cannot review an action until review of the 'final agency action' when HRC-SL is, and *assumes it is their right to pursue, reviewing actions (including CENTCOM actions) that the Army TJAG was in the process of reviewing.* This 'dual tracking' is not constitutional. It is worse than double jeopardy. A CENTCOM commander took an initial action against me and a subsequent commander (HRC-SL) is denying me appeals, allowed to me by many Army regulations, of that initial action. That makes NO SENSE. That is why this issue should not be dismissed and this case should go to trial.

4. AR 135-175. I bring this law suit to court not to challenge an army regulation, as the Defendant has asserted in a previous motion. I bring it to cite violations by the Army of the existing statutes and to question the constitutionality of the 'at any time' phrase in 10 USC § 14902, among other things. The Defendant likes to continually mention AR 135-175 even though it has been pointed out in other court cases *(see Schwan v. Rumsfeld)* that this regulation has serious legal errors in it. Further, and perhaps most importantly when considering Army regulations, is the need to consider that these regulations can become stale and outdated, not following laws, as is the case with AR 135-175, *or* these regulations can change often-- very often--without much scrutiny. These quick changes to regulations are called 'rapid action revisions.' For instance, in 2005 three different

versions of AR 27-10, one of the main Judge Advocate General (JAG) regulations, existed. One existed until June 2005. Another existed until December 2005. Yet another was written into existence in late December 2005 (taking away the strict time requirements on commanders in Article 138 complaint proceedings). I am arguing that the procedures which the Army uses, whether in accordance with their regulations or not, violate the law and U.S. Constitution. The Secretary has the ability to make regulations, but he delegates this authority, which is then used at times to change the regulations very frequently and without much consensus or review. This is contrary to the ways federal laws are passed. Accordingly, the general practice is to give much more weight to the law versus the changing Army regulations. The Secretary has the ability to make regulations, but he does not have license to make statutes. We service members are not bound to follow unlawful regulations or orders. I file in federal court not go into detail about a defunct regulation. I file in federal court because the statutes and the Constitution have been violated.

5. Defendant states I have failed to state a claim upon which relief can be granted. Surely I have stated a claim and specified many counts of relief, all of which the Secretary of Defense and the Secretary of the Army have full power to grant.

6. The Defendant wants the Court to dismiss my complaint *with prejudice*. That seems to be an unusual request. It seems the Defendant is concerned that his case is not strong enough to endure possible future court challenges.

### Counter of Defendant's Points and Authorities

While I think that I covered most of my opposition to the Defendant's request for dismissal of my complaint above, I will make a few more points in opposition to the Defendant's specific points and authorities he cites.

1. While this law suit started out with my primary argument revolving around the 5th amendment of our U.S. Constitution, it is plain via my amended complaints that I equally argue the Army's violation of specific statutes.

2. The Defendant claims I must exhaust my administrative remedies. As I have stated before, I am trying to exhaust my remedies. The Defendant only wants me to exhaust my remedies when it is of benefit to him, but not when it is of benefit to me.

3. Defendant talks of 'misconduct.' I've already addressed the vagueness of that word. I've already addressed the fact that I cannot even be courts martialed for 'misconduct.' He also makes mention of alcohol and drug abuse, criminal misconduct, and civil confinement in his footnotes for the reasons that one would be considered for elimination based on misconduct. His notation further proves my case that this elimination board is based on false and retaliating premises (i.e. malicious prosecution) because none of those categories apply to me.

4. Defendant goes into great detail about the defunct Army regulation, 135-175. This is to show that I have some kind of due process. I have no area commander, as the Defendant states. My commander, in this strange organization called the Individual Ready Reserves, is the HRC-SL commander. The next commander in the chain happens to also be the HQDA approving authority, Major General Hernandez. I have no other intermediate or area commander, either literally or figuratively. Period. This purposeful

sending of soldiers through a rat maze, to wear them down if they dare not worship the ground on which HRC-SL walks, is exactly why I'm filing complaint in court. It is not legal or Constitutional. It is an embarrassment that the Army and its Reserves treat soldiers this way out of clear and pure vendetta. I have been flagged for seven months now. That is severe deprivation of liberty in its own right. On one hand, I have not been given more time to go through the other appeals, without the interference of HRC-SL. On the other hand, HRC-SL drags their false official statements and actions out for months and years resulting in ruination of one's career or in fatiguing one into just wanting to leave the Reserves.

5. Defendant can make his own timeline, ignoring the relevant facts and situation, but I call attention to the timeline I put forth in my complaint. He calls Due Process allowing me to go through this ridiculous reprisal board. I call Due Process being allowed to exhaust my administrative remedies before action is taken to eliminate me from the service.

6. I'm not arguing a military decision only. I'm also arguing that the procedures (and corresponding decisions) violate the laws on the books. Violation of laws and questions about service contracts are justiciable per the APA and per the Federal Question statute. Defendant tries to keep focusing on a military 'decision' versus the military's violation of the laws.

7. The defendant quotes case law, out of context, from many cases. In contrast, he argues or mentions the statutes very little and when he does, he purposefully or wantonly misleads. Citing legal cases, he mentions the Merit Systems Protection Board, which military members do not get. That is a government civilian board. Surely the Defendant is

not saying that I have the same rights and protections as government civilians. Defendant also mentions *Schlesinger v. Councilman* and *Brannum v. Lake*. I am not arguing a courts martial or an Article 15 case. Those are lawful means of punishing a soldier via the UCMJ. The Army is not seeking to do that to me, probably because that would give me the legal protections to which I'm entitled. However, I have argued that the issuance of 'flags' and processes for 'eliminating' soldiers can be (and are in my case) used as punishments. These punishments are not allowed by the UCMJ, which only allows Articles 15 and Courts Martial as punishment. This flag and separation action has and continues to harm me by causing my continued unemployment, by causing me to go without health insurance, and by distracting me from seeking relief via my administrative remedies. I have been and am being deprived of liberty without due process. It is the liberty part of the 5th Amendment due process clause that the Defendant conveniently does not mention and does not want to give me, for no good reason. This placing of the flag on my file is the equivalent of wrongly imprisoning me before the trial.

8. The Defendant is dead wrong in his assertion that the Secretary of the Army can act in place of the President. That argument might hold if the statute itself did not specifically mention and delineate the Secretary of the Army's role. 10 USC § 12681 states, *"Subject to other provisions of this title, reserve commissioned officer may be discharged at the pleasure of the President. **Other Reserves** may be discharged under regulations prescribed by the **Secretary concerned**."*(emphasis mine) The Secretary's role is specifically stated, and it does not include having the authority to discharge Reserve officers.

9. The Defendant is also dead wrong in stating I am not on the active-reserve list of which 10 USC § 14902 and 14903 speak. I clearly am. The Defendant is either wantonly negligent or purposefully misleading the Tribunal and I do not appreciate it. I ask the Court to note it. I am in the Ready Reserve and the following statutes also say I'm in the Active and Ready Reserve, of which the Individual Ready Reserve is a subset:

    a. 10 USC §10141 states "*a) There are in each armed force a Ready Reserve, a Standby Reserve, and a Retired Reserve. Each Reserve shall be placed in one of those categories. (b) Reserves who are on the inactive status list of a reserve component, or who are assigned to the inactive Army National Guard or the inactive Air National Guard, are in an **inactive status**. Members in the Retired Reserve are in a retired status.* **_All other Reserves are in an active status_**.*"* I am not in the Air or Army Guard nor am I am member of the Retired Reserve. I have not been placed on any inactive list. Therefore I am in an active status and not inactive as the Defendant desperately asserts. Active Status does not mean that I am on Active Duty as Defendant also tries to assert. It means I'm in an active status with the Reserves, which I am, and the Defendant knows I am.

    b. 10 USC § 10142 states that "*(a) The Ready Reserve consists of units or Reserves, or both, liable for active duty as provided in sections 12301 and 12302 of this title.*" Any member of the Ready Reserves, and Individual Ready Reserves as a subset, as I am, is subject to active duty under 10 USC § 12301 and 12302. I have served two separate kinds of tours under each statute. See my orders, which I have attached in Exhibits 1 and 2. They take me from a Ready Reserve status to an Active Duty status under the authority of these Title 10 sections: 12301 and 12302. I worked a training tour

9

under 12301 and my recent 24 month mobilization was under section 12302. ***Section 12302 specifically talks about the mobilization of Ready Reservists, who are already in an active-status.*** Since I have returned from my recent 10 USC § 12302 mobilization, I have not been transferred into an inactive status.

    c.  10 USC § 10144 states *"(a) **Within the Ready Reserve of each of the reserve components there is an Individual Ready Reserve.** The Individual Ready Reserve consists of those members of the Ready Reserve who are not in the Selected Reserve or the inactive National Guard."* I am in the Individual Ready Reserve, and <u>thus necessarily in the Ready, or active, Reserve</u>. There is no doubt.

    d.  10 USC § 10145 states *"(a) Each person required under law to serve in a reserve component shall, upon becoming a member, be placed in the Ready Reserve of his armed force for his prescribed term of service, unless he is transferred to the Standby Reserve under section 10146(a) of this title."* On February 17, 1999, I was placed in the Ready Reserves and that is where I have been ever since. See exhibit 1 for that order. Section 10146 makes it clear that one has to be transferred into the Standby (or inactive) Reserve **and I have not been transferred into any Standby Reserve, ever.** Individual Ready Reserve is a part of the Ready Reserve, as I pointed out above. Indeed, that is what the 'elimination' board seeks to do….remove me into an inactive status. **Only the president gave my commission.** See 10 USC § 12203. **Only the president can take away my commission and discharge me.** See 10 USC § 12681. Nowhere in any statute is the Secretary of the Army given the power to do anything but transfer a person from one category to the other in the Reserves. I know of officers, inactive for decades, who

have been contacted when wars or conflicts have arisen. Actually, that would correspond the Government's argument in *Schwan v. Rumsfeld* that officer commissions are for a lifetime. This is morally wrong, as it creates a writ of habeus corpus issue for some soldiers, but it is in fact the current law and what the Army practices. If I were transferred into the Standby Reserves, I would have a valid writ of habeus corpus complaint.

      e. 10 USC § 10151. *"The Standby Reserve consists of those units or members, or both, of the reserve components, other than those in the Ready Reserve or Retired Reserve, who are liable for active duty **only** as provided in sections 12301 and 12306 of this title."* (emphasis mine) Sections 12301 and 12306 are in cases of national emergency. Section 12306 is clearly for the Standby Reserve, as Section 12302 was for the Ready Reserve. I have never been called up under or transferred by the authority of 12306, only by 12301 and 12302. As well, the above says that Standby Reserves may be liable for active duty ONLY under 12301 and 12306. In contrast and practice, the members of the Individual Ready Reserves, such as I, are able to be put on active duty (as differentiated from active status) for a variety of reasons under different statutes. They can be brought on active duty for training (called ADT – active duty for training tour), to help with a Reserve mission (called ADSW – active duty special work tour) or to help with an Active Duty mission (called TTAD – temporary tour of active duty), none of which have to be a contingency related mission (called a CO-TTAD - contingency TTAD or a mobilization). I was in the IRR (active status reservist) from February 1999 until May 2003. Then, I was in the Ready Reserves as an Individual Mobilization Augmentee until February 2006. From February 2006 on, I've been in the Ready

Reserves as an Individual Ready Reservist. Even though I never drilled with a unit nor had little to any contact with the Reserves from 1999 through 2002, I was still considered active-status. My file even went before promotion boards. By law and by Army practice under the law, an Individual Ready Reservist is an active status Reservist.

  f. The Defendant argues, on his page 20, that he *is trying to 'remove' me from the Service altogether*, which is in contravention of all the aforementioned statutes. To remove completely is to discharge. His assertion that the Army is trying to remove me completely points out the confusion and illegality of their action against me all the more. Again, these statutes, except for 10 USC §12681, do not focus on, or even mention, discharging a reservist. It mentions placing them on a standby reserve list where they cannot do anything except be mobilized under executive orders 10 USC § 12301 or 12306. Again, the placing of one on a standby reserve list creates an immediate writ of habeus corpus issue. It means a soldier cannot partake in anything of value in regard to her military career or retirement but is still available for emergency call-up. It is a 'captive' status and military writ of habeus corpus issues **are** and have been reviewable by District Courts, appellate courts and even the Supreme Court.

  g. To further emphasize the Defendant's misunderstanding of active status (Ready Reserve) versus inactive status (Standby Reserve), I cite 10 USC § 10152 which states that *"Standby Reserve: inactive status list. An inactive status list shall be maintained in the Standby Reserve. Whenever an authority designated by the Secretary concerned considers that it is in the best interest of the armed force concerned, a member in the Standby Reserve who is not required to remain a Reserve, and who cannot*

*participate in prescribed training, may, if qualified, be transferred to the inactive status list under regulations to be prescribed by the Secretary concerned. These regulations shall fix the conditions under which such a member is entitled to be returned to an active status."* I am not a member of the standby Reserves; I am not an inactive status Reservist. I am in the Individual (not inactive) Ready Reserves and am in an active status, which is not equivalent with the term active **duty** status.

h. 10 USC § 12201 speaks of the difference between active duty and active-status reservist, a distinction the Defendant misses, *"(a)(2) An officer transferred from the active-duty list of an armed force to a **reserve active-status list** of an armed force..."* This is what happened to me, on 17 February 1999, when I asked to resign my active duty commission.

i. 10 USC § 12203 *states "Commissioned officers: appointment, how made; term. (a) Appointments of reserve officers in commissioned grades above lieutenant colonel and commander or below, except commissioned warrant officer, **shall be made by the President alone**. Appointments of reserve officers in commissioned grades above lieutenant colonel and commander shall be made by the President, by and with the advice and consent of the Senate, except as provided in section 624, 12213, or 12214 of this title."*

I think that the fact is that the Defendant is desperate to not have the laws apply to me, by saying I'm not an active-status reservist. In fact, 10 USC § 14902 and 14903 do apply, as 10 USC § 14902 says that in (a), *"the record of **any** reserve officer...show cause for **retention in an active status**."* If I weren't in an active status, then I would not be going

through a show cause or 'elimination' board. Article 36 of the UCMJ applies as well. Last, to show the Defendant's misleading or confused grasp of this issue, he, on his page 20 and elsewhere, calls the IRR, or Individual Ready Reserve, the '*Inactive Ready Reserve.*' As we see from the law, one cannot be both inactive and in the Ready (active status) Reserve and yet he writes that I can be both. I cannot. However, I'm not surprised as many active duty officers, of which the US Attorney representative is one, have little understanding of the morass of Reserve regulations and laws that Reserve HQ writes to protect its existence.

10. The Defendant states that I missed the distinction of Amendment Six. No, I didn't. I am asserting that the 'board of inquiry' either tries to get it legitimacy from 10 USC § 14902 or via Article 36 of the UCMJ (10 USC § 836) or both. If the board gets its legitimacy from Article 36, then it is clear that I have 6th amendment rights, as the Article 36 courts of inquiry by definition need to follow the Courts Martial (criminal proceeding) and U.S. District Courts Criminal rules of procedure.

11. The Defendant cites a Military Rule found in the Manual for Courts Martial. The UCMJ is the law. The Manual for Courts Martial is an executive order which attempts to provide procedural guidelines for the law for the executive branch. I'm arguing the law.

12. Finally to address leave of court for second amended complaint. The defendant missed the deadline for his response if I did not file a second amended complaint. But I *did* file another amended complaint, and asked his permission beforehand to do so. He granted permission, which I included as Exhibit L of that complaint. The Federal Rule of Civil Procedure 15 states, "*...Otherwise a party may amend the party's pleading only by*

*leave of court or by written consent of the adverse party.*" I included the email from the US Attorney when I filed my second amended complaint. That complaint arrived the Courthouse on 8/23/06 and was signed for by D. Shield. However, I have included another copy of that 2nd amended complaint as it still has not reach the docket even though 2 weeks have passed since its delivery.

I respectfully request that the Court deny the Defendant's motion to dismiss my complaint, for the reasons I stated above. I please request an oral hearing on this matter.

Sincerely,

*[signature: Debra L. Smith]*

Debra L. Smith

Major, US Army, Individual Ready Reserves

PO Box 11655

Overland Park, KS 66207

913-226-2961 phone

## Certificate of Service

I hereby declare and certify that a copy of my Opposition to the Defendant's Motion to Dismiss was sent via Federal Express mail to the US Attorney, Mr. Kevin Robitaille, and to the D.C. District Court.

On this 8th day of September, 2006.

Signed,

*Debra L. Smith*
Debra L. Smith
Plaintiff
Case 06-1117 (R.W.R)