*Leave to file as GRANTED.*

*Mr Roberts, U.S.D.J.*

*9-6-06*

# IN THE UNITED STATES DISTRICT OF COLUMBIA DISTRICT COURT

Debra L. Smith )
PO Box 11655 )
Overland Park, KS 66207 )
913-226-2961 )
              Plaintiff, )
               )    No. 06-1117 (R.W.R.)
    v. )
               )
Secretary of the Army )
Francis J. Harvey )
The Pentagon )
Washington, DC 20318 )
               )
           Defendant. )

## 2nd AMENDED COMPLAINT

I, the plaintiff, am, twice now, amending my previously submitted complaint. See

Exhibit L for written consent from the adverse party, as required in accordance with

FRCP 15. So as not to overly-complicate the amended complaint and in order to keep the

exhibit sequence the same, I leave the original complaint largely intact, minus the 'Relief

Sought' portion, and label it Part I. In the second part of this document, which is the part

amended in both cases, I add more evidence and supporting statutes and label it Part II. I

end the amended complaint with the 'Relief Sought' portion. I thank the Court for its

patience and do intend that this will be the last amendment to this complaint.

## Part I

### Jurisdiction

1. This Court has jurisdiction under 28 U.S.C. § 1331 Federal Question and the Administrative Procedure Act, 5 U.S.C. § 701 et. seq.

### Parties

1. I am the Plaintiff, Debra L. Smith. I am filing pro se and am a citizen of the United States who resides at the address stated in the caption. I am a Major in the United States Army Reserves and a graduate of the United States Military Academy at West Point.

2. Defendant is Francis J. Harvey, the Secretary of the United States Army.

### Laws and statutes violated that have prompted this civil suit

- My US Constitutional 5th Amendment rights have been violated. I am being denied liberties without due process. There are currently on-going procedures, as even Lieutenant General Stultz, Chief Army Reserves and the Army's The Judge Advocate General (TJAG) have said to me in email, in regard to Article 138 complaints, security clearance and access issues, reprimand appeals, etc. See Exhibit A. Yet there has been no move by these same people to stop the board or lift the flag while these procedures are on-going. So, I have to be patient with them, per their email, but they seemingly do not have to be patient with me.

2

- The Administrative Procedures Act has been violated. I am aware that the Administrative Procedures Act says that I have to exhaust my remedies given to me by the government or Army. However, I am also aware that I should be allowed to use these remedies in seeking redress. This 'allowance' is not being afforded me. Last, I also know that I do not have to be forced to exhaust my administrative remedies when to do so would prove futile. Hence, the reason I am filing the law suit.

- In the Supreme Court case of *Goss v. Lopez*, the following is stated by the opinion of the court, "Among other things, the State is constrained to recognize a student's legitimate entitlement to a public education as a property interest which is protected by the Due Process Clause and which *may not be taken away for misconduct* without adherence to the minimum procedures required by that Clause. The Due Process Clause also forbids arbitrary deprivations of liberty. 'Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him,' the minimal requirements of the Clause must be satisfied." While I understand that the above was a 13th amendment rights case, I have read opinions from this Honorable Court which states or implies that the Due Process Clause properties from the 13th amendment can be imbued to the 5th amendment. I think the same tactic of trying to separate me based on untrue statements of 'misconduct' is similar to the concept found in *Goss v. Lopez.*

## Facts

This is the second time this has happened.

Familiar scenario is this: I receive a negative, and unwarranted, action against me and Colonel Debra Cook, Human Resources Command – St. Louis (HRC-SL), immediately starts action to separate me from the Reserves. See Exhibit B for notice of a board. [The 'court' recorder for this separation board says I've waived my rights when, in fact, I haven't.] Colonel Cook always initiates this action before I can exhaust my administrative remedies. She always does it in spite of the fact that I have an excellent record, a West Point education, and only honorable discharges. She, arguably, always maliciously intends to, and does, cause irreparable damage to my career and reputation. I'm tired of it and thus, for my sake and for the sake of all the other hard-working Reservists, I earnestly beseech the Honorable Judge to grant me relief and uphold my 5th amendment and A.P.A. right to due process. Even though she is no longer there, I would suspect that the people left behind are well trained in these unlawful tactics.

## Processes on-going

The following processes are remedies that either I've started or that have been started for me and are currently on-going.

- The Army Board for the Correction of Military Records (ABCMR) is re-considering my request for relief based upon new evidence of reprisal and retaliation in regard to an April 2003 Officer Evaluation Report (OER) I received. I've been told over the phone that a team is looking at the case. See Exhibit C for

documents in regard to this OER, which the Inspector Generals (IGs) at all levels ignored. This document clearly indicates that members of HRC-SL were involved in conspiring to reprise against me. [Yet I was given no Whistleblower Protection, even though I asked, and after 3 ½ years, the IGs decided I didn't have a case.]

- The Army's Central Clearance Facility (CCF) is still looking at a referral from a commander who improperly pulled my security access. This same commander, Major General Brian Geehan, reprimanded me for removing myself from a Marine Lieutenant Colonel who assaulted me. Major General Geehan ignored divestiture and subornation in his reprimand, even though I asked him to consider it. Official documents show and other participants said that he was the one who ordered the 'bullying session' which turned into the assault on me.

- The Army's The Judge Advocate General (TJAG) office is still reviewing Article 138 complaints I filed in regard to COL Cook and the separation procedures and Major General Geehan's improper actions against me, to include suspension of my security access. See Exhibit D.

- I have yet to file an appeal to remove the reprimand Major General Geehan instituted against me. I plan on doing that, and I have a right to do that by Army regulations.


## My attempts at redress of this wrong

Yet, even though I've asked that my flag be lifted and the separation procedures be stopped, because there are other processes on-going, the following people have said that

they wouldn't order the process to stop or that they wouldn't talk to me: Lieutenant

General Stultz, Chief Army Reserves; Major General Hernandez, Commander, Human

Resources Command; Major General Castro, General Courts Martial Convening

Authority for COL Debra Cook; Colonel Robert Marsh, new commander, Human

Resources Command, St. Louis. See Exhibit E. Not only wouldn't they talk to me but

they have not taken any action, of which I'm aware, to reprimand or charge COL Cook

for her crimes of making false official statements and treating subordinates with cruelty

and maltreatment. They have chosen to continue to let this partial commander's

statement and action to separate me continue, even though the Department of the Army

IG and now retired Major General Anderson, former commander of Human Resources

Command, found Colonel Cook guilty of improperly admonishing me. She was

obviously not impartial. See Exhibit C and Exhibit F, Enclosure 5 from the Article 138,

which details this.

Due Process

The Army and Armed Forces can 'fatigue me into compliance,' to use phrase from the

Declaration of Independence, by having me exhaust ridiculously bureaucratic remedies.

They can force me to go through years and even decades 'exhausting my administrative

remedies' as I still am trying to do with a simple prima facie case in a 1996 OER. They

spend 3 ½ years doing an IG investigation that, in my understanding, the law only gives

them 180 days to do. In that same investigation, the IG can ignore evidence showing

reprisal. **Yet, when I ask for due process, which might work to exonerate me, I am**

**utterly denied.** *Dear Sir, if I have to exhaust my administrative remedies, then I should*

*get to, or be allowed to exhaust my administrative remedies.*

6

### Antecdotal, but important, facts

During my service in the last two years, mobilized to serve at United States Central Command Headquarters, I have been on the receiving end of phone calls, even at 3:00 am in the morning to help people answer questions for General Abizaid, which were detainee related. In fact, on a Saturday afternoon, two days before the Iraqi Interim government took over in June 2004, I received a phone call from a general officer, Brigadier General Trautman, US Marine Corps. He said that "POTUS [President of the United States] is pushing OSD [Secretary of Defense] to move HVD #1 [High Value Detainee #1...a.k.a. Sadaam Hussein] from legal to physical custody today." Thus, I received the order to ensure the right people made this happen. For my labors, my two good evaluations, and an honorable discharge, I returned from mobilization to receive a slanderously untrue false official statement, which was an elimination letter, by a commander [COL Debra Cook] whom I've never met or spoken to, saying that she is going to send me to a board to remove me from the Reserves.

Above all, I am driven to file this law suit because of my absolute conviction that many other soldiers, who are faithfully answering the call to serve this country in its prosecution of the 'War on Terror,' are also victims of this vendetta-driven commander and headquarters called Human Resources Command – St. Louis (HRC-SL). This headquarters oversees assignments, schooling, and 'career management' for reservists.

Since I entered West Point 19 years ago in 1987, the military has spent hundreds of thousands, if not millions of dollars, to train me. Yet, they have allowed a Reserve

military commander, who is obviously not disinterested, make false official statements, slander me and send me to a separation board, even though it has been found that she has improperly admonished me before.  As one example of this bias, I show that **during the same time period in which I received 'top-block' and other very good evaluations from general officers, COL Cook unbelievably characterized that same time period of performance as 'misconduct.'**  The tax payer pays far too much to train troops, of which I am one, to allow unscrupulous and vendetta-seeking commanders to harass and remove them from the Armed Services or Reserves without due process, our US Constitutional 5th amendment right.

## AMENDED COMPLAINT – Part II

### Introduction

In contrast to the Defendant's assertion, in his opposition to my request for a Temporary Restraining Order, this case is not about telling the Secretary of the Army how to manage his force structure. This case is about ensuring that soldiers, of whom I am one, are allowed the Constitutional rights inherent in their citizenship.  Every soldier, whether enlisted or officer, takes an oath to '…support and defend the Constitution of the United States, from all enemies, foreign and domestic…'  I surely think that these soldiers, who defend the U.S. Constitution, even to the death, should be protected by it.  If there is some reason that this cannot occur, then the right taken away and the specific reasons and stipulations should be explicitly set forth, as they are in regard to a soldier's freedom of speech.  Further, this case is about the military's need to abide by, not only the U.S. Constitution but also by, the United States Code and by the Uniformed Code of Military

Justice when writing and executing regulations and procedures. With that, I start by reiterating the jurisdiction of this court and setting forth, once again and more clearly, the violations of law that the Army has committed in suspending me, scheduling a board to eliminate me, and by not agreeing to indefinitely hold my classified email messages.

## Jurisdiction

1. This Court has jurisdiction under 28 U.S.C. § 1331 Federal Question and the Administrative Procedures Act, 5 U.S.C. § 701 et. seq.

2. I highlight the following.

    a. 28 USC Section 1331 states that *"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."*

    b. 5 USC Section 702 states that *"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a **relevant statute, is entitled to judicial review thereof.**"*

    c. 5 USC Section 705 states, *"On such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court...may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings."* If my second request for a preliminary injunction is not granted, this is the statute under which I seek a 'stay' of government action, to include a lifting of the flag, until these proceedings are finished.

    d. Section 706 states *"The reviewing court shall - .....(2) hold unlawful and set aside agency action, findings, and conclusions found to be - ...(A) ...**not in accordance with law, (B) contrary to constitutional right**, power, privilege, or immunity....(D) **without observance of procedure required by law...**"*

    e. Case law from <u>Bois v. Marsh</u>, 801 F. 2d 462, 468 (D. C. Cir. 1986) says, "This circuit does not require exhaustion if pursuit of an administrative remedy would be futile or if plaintiff can show irreparable harm."

## Law and Statutes Violated

1. The United States Constitution has been violated in the Army proceedings against me. Article Six of the Constitution says, "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; ...shall be the **supreme law of the Land**; and the Judges in every State shall be bound thereby...all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution..." I, as an Army officer, am an officer of the executive branch, and have thus taken an oath to support and defend the Constitution from all enemies, foreign or domestic.

    a. My Constitutional 5th amendment rights have been violated.

    b. My Constitutional 6th amendment rights have been violated.

2. 10 USC § 836, or Article 36 of the Uniformed Code of Military Justice ("UCMJ"), has been violated.

3.  Corresponding to the previous point, the case law set forth by the majority opinion of the Supreme Court in the case <u>Hamdan v. Rumsfeld</u> case, recently decided, is being violated.

4. Case law, as set forth by the majority opinion of the Supreme Court in the <u>Goss v. Lopez</u> case , 419 U.S. 565 (1975), a case ruling that public school students should have been provided due process before they were suspended, is being violated.

5.  Case law, as set forth by the majority opinion in case <u>Gillan v. England</u>, Civil Action No. 04-311 (HHK), 2005 WL 3213900, at *4 (D.D.C. Nov. 1, 2005), is being violated.

6.  Case law, as set forth by the majority opinion in <u>Green v. United States</u>, 355 U.S. 184, 187 -88 (1957), is being violated.

7.  The Army violates 10 USC § 14902, as the statute refers to a record review as the confines of a misconduct board.  These separation/elimination/inquiry board or court go not only go way beyond a record review, a record review is not their focus.  Instead, they dredge up male harassers who have fondled me, sworn at me, and threatened me, to provide statements against me.  It is very obvious in the elimination letter that my official record has little to do with any board of inquiry the Army Reserves seeks to conduct.  See Exhibit F Enclosure 6.

8.  The Army violates 10 USC § 14903, the law which details these 'boards of inquiry.' The law states that there must be a **fair and impartial** hearing.

9.  Finally, 10 USC § 12681 is being violated (and contradicts 10 USC § 14902 and 14903), as it says that only the President, and not the Secretary of the Army or the Secretary of Defense, may discharge Reserve officers.

## Violations of law as specifically applied to my complaint

**Title 10 USC and the UCMJ as applied to my complaint.**

1. 10 USC § 12681 is specifically and distinctively effective on 1 December 2004, which is different than 10 USC § 14902 and 14903. This statute states *"Subject to other provisions of this title, reserve commissioned officers may be discharged at the pleasure of the President. Other Reserves may be discharged under regulations prescribed by the Secretary concerned."* So, the Secretary and his regulations may discharge enlisted or 'other' Reserve members, but only the President may discharge Reserve officers. A plain reading of the statute makes it clear that these elimination proceedings against me, which are under the Secretary of the Army's regulations, should immediately stop. Also, it is important to note that the Army seems to use the terms: 'discharge,' 'separate' and 'eliminate' interchangeably. However, to address an argument that the US Attorney might use, I'll address the other previously mentioned statutes, which speak to a 'board of inquiry.'

2. 10 USC § 14902, dated 3 January 2005, says that *"(b) Misconduct, Etc. - The Secretary of the military department concerned shall prescribe, by regulation, procedures for the **review at any time of the record** of any reserve officer to determine whether that officer should be required, because of misconduct... to show cause for retention in an active status."* A record review is what governs the 'misconduct' board via this statute. But, since my overall record is good, HRC-SL doesn't bring it up specifically, except for a recent reprimand. Instead, they lie to fabricate a 'pattern of misconduct' that has little to do with my record. Obtaining observations by someone

such as Lieutenant Colonel David Madsen, who threatened me after I would not write a statement for his special promotion board; who, unsolicited, straddled my chair in an obviously aroused male state; who has been under inquiry himself, and who was never in my chain of command except for two hours (when even the vindictive Inspector General said that it would NOT do for him to be my supervisor), to add as 'evidence' in a board of inquiry clearly shows the mud HRC-SL is wallowing in to try to remove me. Most of what HRC-SL intends to submit and has submitted in their elimination letter (See Exhibit F Enclosure 6) is NOT about my record, which means my official record. Further, I think that the word 'misconduct' in this section of law is grossly vague and gives way to all kinds of possible abuses of discretion. Finally, the phrase in Section 14902, "*at any time,*" is unconstitutional as it violates a soldier's 5th amendment due process rights and is unlawful as it does not allow the soldier to use the processes put in place by the Army for redress.

3.  10 USC § 14903 states in (b) that in this board of inquiry for Reserve Officers, I have a *"Right to Fair Hearing. - A board of inquiry shall give* ***a fair and impartial*** *hearing to each officer required under section 14902 of this title to show cause for retention in an active status."*

a.  This entire board process has in no way, shape or form, been a fair or impartial process, as I pointed out in detail in Part I of this complaint.  As a matter of fact, I assert that HRC-SL cannot be impartial, even if it did not know the Individual Ready Reservist (IRR) or Individual Mobilization Augmentee (IMA) it is prosecuting because its role in this process is: prosecutor, jury and judge, as I'll explain in more detail

to follow. Further, 'misconduct' is not a UCMJ offense; 'conduct unbecoming an officer and a gentleman' is an Article 133 offense. [I also note that I am not a gentleman and never will be.] In HRC-SL's allegations, it clear that they tried to focus on allegations of 'misconduct,' presumably because that is what their 19 year old regulation, AR 135-175 states. 10 USC § 14902 only cites misconduct, other than poor performance, for reasons to administratively discharge a person. I find it disturbing that a board could administratively remove a soldier from the Army who cannot even be sent to Courts Martial, based on allegations of 'misconduct.' I address this more in the next point in regard to Article 36 of the UCMJ. Instead of sending charges to courts martial, or giving me an Article 15 for 'conduct unbecoming,' HRC-SL sends me to a 'board of inquiry' to attempt to remove me from the Reserve active-list rolls. There is probably nothing worse that the Army can do to a soldier who wants to serve, other than send them to jail, than to separate them from the Army. I think removing a Reservist is an important enough decision to treat any corresponding proceedings with the respect, judiciousness, fairness, and somberness it deserves and which the law requires.

   b. As an Individual Ready Reserve (IRR) soldier, some have said that I am, by definition, a member of the Standby (or inactive) Reserves. So, how are the Army Reserves going to make an inactive-member inactive? Even the military defense attorney from Fort Leavenworth, whom I sought for counsel, said, "I've never heard of the Reserves trying to remove an IRR soldier before." Indeed, an IRR soldier costs the Army virtually nothing. We are simply on the rolls. Yet, HRC-SL has made an extreme effort to try to 'remove me' from the Reserve active rolls *or* from the Reserve inactive rolls, *or* from the Reserves entirely, *or* from the Reserves partially, *or* whatever it is they are

trying to do *via* whatever this elimination board *or* separation board *or* board of inquiry *or* court of inquiry is. [The Army likes to use terms vaguely and interchangeably so they can apply, or not, the statute they feel best suits their needs at any given time, creating a mass of confusion for the rest of us. ***How does the Reserves discharge me for the exact time periods for which I have only received honorable (three) discharges?***] In fact 10 USC §10152 contradicts and violates §10141, as the former says that any Reservist can be put on the inactive (or Standby Reserve) rolls when the latter section defines the Standby or inactive Reserve members as only Air and Army  National Guard and Retired Reserves members. Via 10 USC § 10141, I ***can't*** be transferred to the in-active rolls as I am not a National Guard nor Retired Reserve member.  Going on, 10 USC § 10151 says that Standby Reserves and units can be called up for war by the president, just like IRR soldiers can.  So, if I were to go to the Standby Reserves, I could still be mobilized, but I couldn't be promoted or obtain points for retirement.  So, I'd basically be an IRR member with none of the privilege of schooling, promotion, voluntary service, or credit for retirement, but I'd still be subject to recall for mobilization. ***That is preposterous and involuntary servitude in the extreme.***  Clearly, a plain read review of 10 USC § 10141, 10144, 10151, 10152 and 10153 would lead any reasonable person to question the sobriety of the person writing these statutes.  It does **not** have to be that complicated.  I think it is complicated because of a laziness of the Army Reserves to scrutinize and recommend streamlined statutes to Congress.

  c. Yes, the Army Reserves has made an extreme effort to remove me despite the fact that in Schwan v. Rumsfeld, filed in the Central California US District Court in May 2006, and in O'Reilly v. Rumsfeld, filed in the US District Court in Boston in April

2006, they have made very strong statements that the US Army Reserves is so critically short of officers that it cannot allow these two male Army Reserve officers to resign. This is despite the fact that they have completed their military service obligation and despite denying resignations twice and five times, respectively. The Army Reserves, including the Chief of the Army Reserves, has made the following statements, which the US Attorney quotes, in these cases:

*"The USAR subsequently informed him [Schwan] that his request [for resignation] was denied because 'the Army Reserve is facing a critical shortage of officers and retention of every Soldier is important in our mission to safeguard the United States."* And to Captain O'Reilly, the Army Reserve Headquarters wrote, which the US Attorney quotes:

*"Due to the current needs of the Army to man our forces in support of the Global War on Terrorism, the board did not find sufficient personal hardship to approve this request."* So, Captain O'Reilly was sent on his way to Iraq as an imbedded trainer of the Iraqis, an incredibly dangerous mission, as others in his unit and position have lost life and limb in the last few years.

4. The Administrative Procedures Act, which does govern the Department of Defense (DOD), states in 5 USC § 556 (d) that, in similar type hearings, the burden of proof shall be on the proponent of the order (i.e. DOD), which is markedly different than any Army 'show cause' board. 5 USC § 556 (b) also states that a presiding or participating employee may at any time disqualify himself. Clearly, COL Debra Cook should have disqualified herself and never wrote the elimination letter as she is and was clearly tainted

by past circumstances. It is a travesty and a damning indictment on Army leadership that they did not nullify her statement because of her obvious bias. Only after I filed in District Court, did COL Marsh, whose relationship with COL Cook puts his objectivity into question, sign an elimination letter himself. It was an exact copy of COL Cook's letter.

5. Article 36 of the UCMJ. Even though a 'board of inquiry' is specifically mentioned via federal statute, and it is posited as an 'administrative measure,' I think that it really originates from Article 36 UCMJ references to 'courts of inquiry.' Article 36 states, *"...and procedures for courts of inquiry, may be prescribed by the President by regulations which shall, so far as he considers practicable, apply the principles of law and the rules of evidence generally recognized in the trial of criminal cases in the United States district courts, but which may not be contrary to or inconsistent with this chapter"* (i.e UCMJ, 10 USC Chapter 47). For example, I've received notice of the same board, to convene on the same date, twice. Once it was signed by a 'Court Recorder.' The next time it was signed by a 'Board recorder.' Sometimes it is called an elimination board. Other times a separation board. See Exhibit B. Other times it is called a board of inquiry. See Exhibit E. The board of inquiry proceeding also has a board (jury), and a president of the board (judge). I've heard that I can question the board members (jury) to ask about their partiality. However, I'm told, as I don't have any instructions on board proceedings, that the prosecuting attorney is the one to make the final ruling if I object to a board member. I, or my attorney, can cross-examine witnesses. So, this proceeding looks like an Article 36 court of inquiry, it operates like an Article 36 court of inquiry, I think it is an Article 36 court of inquiry. Therefore, courts of inquiry are supposed to follow the basic

underlying principles of courts martial by its own definition. This mandate was also reinforced by the majority opinion in the recent Supreme Court case of Hamdan v. Rumsfeld. For the final note on this point I say, as mentioned before, there is no UCMJ punitive article I've found for 'misconduct.' However, there are UCMJ punitive articles for conduct unbecoming (Article 133) and for the offenses I think Colonel Cook and Colonel Marsh have committed, primary among them being Articles 81, 90, 92, 93, 107, 117, 133, and 134-135.

6. As a result of the previous points, I summarize and reiterate the following:

   a. 10 USC § 12681 makes all of these proceedings null and void as the Army Secretary's regulations on discharges don't apply to Reserve officers.

   b. If the Court is to be far more lenient, then it would consider 10 USC § 14902 and 14903 as well. In section 14902, I have noted my concern about the vagueness and non-criminality of the term 'misconduct,' my concern with the term 'at any time,' and my adamant concern with the Army not following the 'record review' procedure in their action against me. In section 14903, I have noted that the section does call for a 'fair and impartial hearing' which I think HRC-SL egregiously violates in its malicious 'elimination' letters and in the manner in which mine and other boards are processed pre-trial and is convened during trial.

   c. In 10 USC § 10141, 10144, 10151, 10152 and 10153, there are obvious problems in legal definitions and in actual privileges of different categories of Reservists. Even though only the President can take away my commission or discharge me, if for

argument's sake, the Army Reserves would succeed in moving me to the Inactive or

Standby Reserves, it would create an obvious and immediate writ of habeas corpus issue.

They would get all the benefits of involuntarily mobilization of me, but I would be able

to do nothing except wait for a mobilization, as I could not even seek a voluntary

mobilization nor would I be able to continue on to receive schooling, promotion,

assignments, points or pay toward retirement.

     d. HRC-SL violates the Administrative Procedures Act with these hearings, in

regard many issues, primarily focused on burden of proof and fair and impartial hearings.

     e. If the Court agrees with my assertion that this 'board of inquiry' obtains its

legitimacy via Article 36 of the UCMJ, then I think it will agree that the separation board,

or board of inquiry, does not comply with Article 36.

     e. In any of the above scenarios, I think the Army has little, if no, case.

**"Separation Board" or "Board of Inquiry."**  I focus next on due process.  I do not

give up my constitutional rights when I enter the military, especially when not actively

engaged in a combat zone.

1.  Pre-trial / board – The 5th amendment of the Constitution due process clause, 10 USC

§ 14903's fair and impartial clause, and Article 36's compliance with district courts and

UCMJ clause, mandate that this board not be scheduled yet.  As I have mentioned before,

I have filed two UCMJ Article 138 complaints.  I am answering questions posed by the

Army's Central Clearance Facility (CCF) based on what I assert is a retaliatory and

wrongful pulling of my security access.  I also plan on filing for redress of a very

damaging reprimand I received from Major General Geehan for trying to move away from a hostile Marine Lieutenant Colonel who had just assaulted me. (I suppose I should have let this senior officer hit me.) Before continuing, I find it necessary to discuss the definition of due process and to put forth the likely outcomes of my situation if I do not receive the due process, and the compliance with other laws, which I'm requesting.

    a. Due Process. To the commoner or legally unschooled, such as I, due process seems like an easily understandable issue. We read the 5th amendment and simply based on what we, or reasonably prudent persons, understand it to mean, we apply it to our situation. The Wikipedia, found on www.wikipedia.com, much more understandable to commoners than judicial opinions sometimes, says that a law must be clear, fair, and have a presumption of innocence to comply with procedural due process. [Not only has HRC-SL alleged me guilty, both Colonel Cook and Colonel Marsh **have unequivocally declared me guilty about an issue,** after a county judge dismissed the issue at a hearing.] Again, from www.wikipedia.com, it says that "due process of law is a legal concept that ensures the government will respect all of a person's legal rights instead of just some or most of those legal rights when the government deprives a person of life, **liberty,** or property. Due process has also been interpreted as placing limitations on laws and legal proceedings in order to guarantee fundamental **fairness,** justice, and liberty." I also understand from this same source that, "When a law or other act of government is challenged as a violation of individual liberty under the Due Process Clause, courts use two forms of scrutiny, or judicial review. This inquiry balances the

20

importance of the governmental interest being served and the appropriateness of the government's method of implementation against the resulting infringement of individual rights. If the governmental action infringes upon a fundamental right, the highest level of review—*strict scrutiny*—is used. In order to pass a strict scrutiny review, the law or act must be narrowly tailored to a *compelling* government interest. When the governmental restriction restricts liberty in a manner that does not implicate a fundamental right, *rational basis review* is used. Here a *legitimate* government interest is enough to pass this review. A law is more likely to survive constitutional challenges under rational basis scrutiny than under strict scrutiny."  Further research from this site says that for scrict scrutiny "…the law or policy must be **narrowly tailored** to achieve that goal or interest…" and "…the law or policy must be the **least restrictive means** for achieving that interest."  Surely, there is no **compelling** interest in removing a well-performing officer with such speed as to deprive her of due process. See Exhibits H and I which show that the Army is very short of officers, Reserve and Active Duty, especially senior captains and majors.  On one hand, the Army Reserves is allegedly breaching its contracts with officers to keep them in the service (See Exhibit H), and on the other hand, the Army Reserves is trying to remove them (me) with considerable speed in relation to the redress procedures afforded them.  Surely the Army is talking out of both sides of its mouth when it pleads with Congress for more money and more troops and then turns around and fabricates pecadillos to maliciously and selectively prosecute these same troops.  Or perhaps what they really want to plead for are more male troops only.

21

Further, they prosecute while ignoring their own very great deviances from the law, as I previously enumerated. Last, if there were a compelling interest, such as in freedom of speech cases, it seems the process is not the 'least restrictive means' as there is much restriction in how these board procedures are taking place, seemingly with no regard for fairness, impartiality or due process, which are mandated by previously mentioned statutes. I think that if the Honorable Court uses the strict scrutiny review, it will find the Army has no case.

b. Next, if I am not allowed my constitutional right of due process, the right of a fair and impartial trial, or the right to have these proceedings abide by laws and principles set forth in the UCMJ, then the following happens at a minimum:

(1) The victim (me) becomes the subject, and the subject (harassers told by CENTCOM HQ to stay away from me) become the victim, as HRC-SL has dredged up people against whom I have complained and asked for their testimony against me. At best, this is a waste of government money, as this means multiple investigations or inquiries are going on at the same time about the same issues. At worst, this is a 'reprisal' board where HRC-SL contacts persons, who are currently being investigated in regard to my complaints, and has them testify against me before the investigation on them is finished. I think any common person on the street would agree that this does **not** pass the 'common-sense test.' See Exhibit J to see the partiality and hostility of HRC-SL toward me and to view my notes about these 'witnesses.'

(2) I do not get to use the procedures the Army has for seeking redress or for exoneration of reprimands, frivolous security access suspensions, and the like. These reprimands and such are called 'administrative measures,' but they are really punishments. These measures have to possess little, if no, legal sufficiency in order for commanders to impose them. Because these measures never go to Courts Martial, they don't have to meet any legal sufficiency. Then, the Army appeals process shifts the burden of proof and places a 'clear and convincing' burden on the appealing soldier and formally presumes the officials acted properly. That is why commanders use these 'administrative measures.' Instead of the burden of proof being at a 'beyond a reasonable doubt' level for the government, the burden of proof is shifted at a 'clear and convincing' level to the appellant. In any case, the existence of these questionable 'administrative measures' **makes it imperative** that a soldier be allowed to use her remedies before the military takes action against her. As quoted from Gillan v. England, Civil Action No. 04-311 (HHK), 2005 WL 3213900, at *4 (D.D.C. Nov. 1, 2005), the "Navy is bound, as are all military departments and agencies, to follow its own regulations." I assume the Court also meant that the service was to follow its own regulations as long as they didn't contradict laws. But the point is clear. Indeed, for what reason does the Army have regulations, and systems of redress, if they do not allow troops to use them consistently, and not just when it is in the interest of the Army establishment? As in regular employment law, where the companies are most times bound to follow the rules they put in place for dealing with their

employees, the Army should follow its own regulations for soldier redress. It seems that I **have to exhaust** my administrative remedies when it is in the best interest of the Army to preclude court cases, **but I do not get to exhaust** my administrative remedies when it could be of constructive benefit to me, the soldier. This should not be.

2. During trial - The procedures of the board violate the 5th and 6th amendments, 10 USC § 14903 and UCMJ Article 36. While the amendments and laws provide for many things, they dictate at least the following:

a. A fair and public trial. In contrast, there is no hint of fairness about this trial / board in any way, as the commander who had judgments against her, because of my appeal to her boss and the Department of Army Inspector General about a reprimand she tried to place on me, was the same commander who then sent me an 'elimination letter' with malicious and untrue charges in it. See Exhibit J for evidence of the extremely partial and unfair manner in which HRC-SL, now via Colonel Marsh, is governing this board process.

b. An impartial jury and judge. The judge (President of the Board) most likely either is, or worked for, Colonel Cook or Colonel Marsh, who enumerated allegations against me. I will file a discovery request to ascertain more information. The jury (board), most probably and based on history per my military legal advisor, will be made up solely of officers who worked or work for Colonel Cook or Colonel Marsh, respectively. My military counsel also told me that in the majority, if not all, of the cases he's witnessed the members of the soldier's unit, who sends the soldier to a separation board,

also function as the board members (jury).    That means the prosecutor and his subordinates are the jury.  That means the persons who rule on the allegations are the same persons, or work for the same persons, who made the allegations.  This is preposterous.  Further, the appellate authority with final say is Human Resource Commander, Major General Hernandez.  In my particular case, he has already decided to not hear my complaint in regard to almost all of these issues, even though I pleaded in regard to the 'fairness' (10 USC § 14903) of the flag and proceedings.  In any case, he certainly has a close working relationship with the HRC-SL commander, as he is the HRC-SL's boss and evaluation official.  Certainly, this relationship does not lead one to believe that the appellate authority is impartial.

c. Protection against double jeopardy.  This is a constitutional right of which I have been deprived, by spirit and letter of the law.  See Exhibits F and J with corresponding notes to understand how previous issues, which Colonel Cook and Colonel Marsh cite in their many alleged citations of 'misconduct,' were already dismissed by a county judge, by Major General Anderson, and by HRC-SL themselves.  Even after I gave Colonel Marsh my entire Article 138 complaint outlining the unreasonableness of Colonel Cook's elimination letter, he turned around and signed an exact copy of the allegations Colonel Cook wrote, and added more inflammatory statements.  I quote from the majority opinion of <u>Green v. United States</u>, 355 U.S. 184, 187 -88 (1957) about the double jeopardy concept.  *"The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the*

*State with all its resources and power should not be allowed to make repeated*

*attempts to convict an individual for an alleged offense, thereby subjecting*

*him to **embarrassment, expense and ordeal and compelling him to live in a***

***continuing state of anxiety and insecurity**, as well as enhancing the*

*possibility that even though innocent he may be found guilty.''*  Indeed, this

anxiety is the exact aim of HRC-SL.  Even after I've been selected by a

centralized Department of the Army selection board for promotion to Major

three years ago, and even after HRC-SL itself closed that same case

'favorably' of an incident that occurred while I was but a captain, HRC-SL is

now bringing up the same issue, yet again.  This does not pass the 'common-

sense' test.  As well, after I received good evaluations and an honorable

discharge from CENTCOM, two HRC-SL colonels asserts they know more

than two generals know about me, even though the generals had daily contact

with me and the colonels have **never** spoken with me.  What HRC-SL is

really saying is, "Even though you were found innocent and each of the cases

was dismissed, WE KNOW you were really guilty, so WE aren't letting these

issues go, even though we previously did.  Because a string of, in our opinion,

near misses, really means you were guilty.  Even though each instance stood

on its own merits, you're really guilty."  I say that it is the Army's propensity

and ability to 'pile on' these administrative measures, which require no legal

sufficiency, which causes all these 'near misses.'  Unscrupulous Inspectors

General (IG) can dig up past incidents and inform current commanders about

redress I'm seeking and turn it against me, as the IG did at CENTCOM.

HRC-SL makes a mockery of the justice system and makes a public embarrassment of the military in its handling of soldier affairs. This fabrication and malicious prosecution would rarely happen in a court of law, especially at a federal level, like it happens at HRC-SL.

d. A right to be present. If I don't check a box that says "I desire a board" then HRC-SL deems that I have waived my right to be present. As well, per my military counsel, he can be forced to appear and defend me while I am not allowed in. This counsel doesn't know the very long and complex history with myself and HRC-SL and lives in Washington DC. I value him as an advisor but I do not wish for him to represent me at the board. Further, I always have a right to appear before any board about me per the 6th amendment. If I change my mind the last week, I should be able to appear, just like any defendant. I always have a right to appear. No, I do not desire a board. That doesn't mean I waive my right to appear. Desiring a board has nothing to do with my appearance at the board.

e. A right to a speedy trial. The board wasn't scheduled until five months after I was 'flagged.' I hardly think that this is speedy, even if I requested a board.

f. A right to know her accusers and evidence against her. I note that it wasn't until after I filed law suit in federal court and until one week before the previously scheduled board that I received **any** evidence that HRC-SL was going to use against me. Not only does this violate 10 USC § 14903, UCMJ Article 36 and the 6th Amendment, it violates their own written regulation, AR

135-175. I think that their written 19-year old regulation is grossly vague and reactionary, as it does not keep up with the changing laws, but they don't even follow the regulations they wrote. During my four years of experience with HRC-SL, I think it is very apparent that they make their own rules up as they go along. This is the timeline of action against me:

**12 February 2006.** I was flagged or suspended. In contravention of Army Regulation on flags, I was not told of the flag, nor was I told the reason for the flag, on the day it was imposed.

**3 March 2006.** Elimination letter was signed by COL Debra Cook. I did not receive that document until the middle of March 2006. I waited four weeks, after the flag was imposed, to get the elimination letter I should have received immediately. Even then, an elimination letter shouldn't mandate a flag.

**24 May 2006.** Notice of a board was sent to me by the 'board' recorder. Obviously, I did not receive the document the day this was written. I note that it took 3 ½ months, after the flag was imposed, to get a notice of a board.

**3 July 2006**. Finally, close to 5 months after the flag was imposed and only ONE week before the previously scheduled 12 July 2006 board, I received 'evidence' that HRC-SL will use against me. That is a **gross** violation of due process. I note that HRC-SL didn't use any of the evidence sent on my behalf, by their parent HRC command, such as statements from Lt. Colonels. Further, Colonel Marsh already refused to show the board the Article 138 I asked him to show. See Exhibit E.

**18 July 2006**. My military counsel received word that the board is tentatively scheduled for 31 August 2006. Note that this is one day after the judge ruled against granting a preliminary injunction and it is also before the 30 day response

deadline of 2 August 2006 given to me. This is in contravention with their memo to me, in contravention with what the US Attorney told the judge in his opposition, and in contravention with what the judge writes himself in his order. This leads to my next point.

g. A right to ask for more time before the trial / board. While this isn't in the Constitution per se, it is regularly practiced in courts martial. So, I have not been given a speedy trial on one hand, if I wished for one, and I have not been allowed to ask for more time, on the other hand, if I wanted it. I have asked and am asking for more time, even via this Court, so that I can exhaust my administrative remedies.

**"Flag" or "Suspension of Favorable Actions"**

1. This flag violates my 5th amendment right to due process. As I delineated in my request for oral hearing, a 'flag' or suspension of favorable action is much more than merely an 'administrative measure' as the Defendant states. It is punishment. It is normally placed on a soldier's file AFTER they've failed a fitness or weight test, for example. These flags cause great harm and deprivation of liberty as they affect a soldier's ability to stay in the military via reenlistment, to keep health care plans, and to be promoted, to just name a few examples. The flag is a deprivation of liberty. Deprivation does not need to be permanent for it to be notable. In the case of Goss v. Lopez, 419 U.S. 565 (1975), which was a landmark Supreme Court ruling on due process, the majority of the Court ruled that even a temporary deprivation of liberty was not *de minimis*. The Court goes on to say that *"Accordingly, a state employee who under state law, or rules*

*promulgated by state officials, has a legitimate claim of entitlement to continued employment absent sufficient cause for discharge may demand the procedural protections of due process."* My five month, and counting, suspension is a violation of my due process rights. As I have suggested before, I think the boards should, at a minimum, wait until the President of the Board makes a ruling before a flag is imposed. However, that is not to say that I don't think the entire board process should be changed, because I think it should be. Further, I think one could argue that the Headquarters, Department of the Army approval (i.e. Major General Hernandez at HRC headquarters in Alexandria, Virigina) rarely if ever overturns the ruling of the board, but I am going to file discovery requests to verify.

2.  The flag is causing me to not be able to seek employment with the military. It will cause me to be without healthcare in approximately two weeks. It is stigmatizing. It is causing me to not be able to continue correspondence schooling that I need for promotion. Indeed, **the continual harassment, which is exactly what this is,** of HRC-SL placing a flag on my file **at whim** may indeed cause me to be a two-time pass-over for promotion with the statutory separation that may follow, as I cannot get promoted without graduating from certain military schools. I only have limited time until my next promotion board. The promotion board is not delayed nor am I granted more time to finish school because of this action against me. This flag diverts my attention from focusing on the other processes that may exonerate me, such as the removal of the ridiculous reprimand placed in my file. **Over and above all, and at the heart of this matter, is my assertion that HRC-SL abuses its discretion and command authority by harassing troops it does not like by placing flags on their files maliciously and selectively.** Even

if the soldier does fight through the maliciously-placed flag and all corresponding action, HRC-SL wins in its attempt to stigmatize the soldier at his/her current unit, thus possibly causing a less-than-deserved evaluation. It wins in its attempt to create fearful soldiers who are afraid to contact HRC-SL for help in career management, which is their purpose, because they might make workers (friends of the commander) mad by asking them to actually do their job. It wins in its attempt to put the soldier's career and schooling on hold. It wins in all sorts of ways that scream punishment and reprisal, despite the label 'administrative measure' which it gives to this process of flagging. Indeed, the military leaders seem to smile as they pile bogus 'administrative action' upon bogus 'administrative action' upon a soldier, with no legal sufficiency required. Just to get through it all, even if the soldier has an iron-clad case, takes years and stigmatizes the soldier beyond repair **in all reality**. Saying that administrative measures such as flags or boards of inquiry are of slight and redressable harm, as the Defendant has asserted, just insults any reasonable person's intelligence.

3. Flags, reprimands, and pulling of one's security access and clearance are all ways the Army **punishes** soldiers. A flag is punishment in every sense of the word, and that is contrary to the UCMJ which only allows Articles 15 and Courts Martial for the punishment of soldiers. Bottom line is that this flag, as was the other flag previously placed on my file by HRC-SL, is harassment, pure and simple. It is also unconstitutional as it deprives me of liberty without due process, and I'm asking the Court to please have the agency remove the flag in accordance with the authority given it via 5 USC Section 706.

**"Classified Email Preservation"**

1. My email has not been destroyed yet.  Because of the Due Process clause and under 5 USC § 705 and 706, I'm asking that the Court grant that it be saved as long I need it to exhaust my administrative remedies while trying to exonerate myself from the actions CENTCOM took against me.  If it is destroyed, then I forever lose my ability to defend myself.

2. I'm also asking the court to grant me access to my email, as it is allowed by 5 USC 552a (d).  If a negative action is on-going against me, then I have a legal right to access the information in my defense. This method of barring a person from their classified files is a common tactic CENTOM uses, as Chief Master Sergeant Brenda Portwood and other females can attest to.  The following link to a TV news clip gives good example of this tactic.

   http://multimedia.tbo.com/multimedia/MGBACNH6KKE.html.  Once a female makes a complaint, whether EO or of another kind, all of a sudden she finds her security access and clearance are suspended.  That way, the female can no longer garner information to defend herself or to pass on for the prosecution of the offenders. See also Exhibit K for another revealing article about the biases which women in the military face everyday.

## Relief Sought

Via the Court's power given in 28 USC § 1331 and in 5 USC 701 et. seq., I request that the Honorable Court grant the following:

1. Grant me a jury trial, which is different than I originally requested. I ask for a Declaratory Judgment in points 2 – 6 below and for judgment by trial for points 7 - 11. See FRCP 38 and 57.

2. If my second request for a preliminary injunction is not granted, I please request, under 5 USC § 705, a 'stay' of government action, to include a lifting of the flag, until these court proceedings are finished. It is unreasonable that I should have to confront all these issues, including Central Clearance Facility inquiries, at the same time.

3. If the Court, via plain reading of the law, finds that 10 USC § 12681 is the governing statute, then I request the Court make the following declaration, *"Reserve Officers will not be discharged except as in accordance with 10 USC § 12681."*

4. If the Court finds that 10 USC § 14902 and 14903 is the governing statute for discharge of Reserve Officers, then I request it make the following declaration *"The phrase found in 10 USC § 14902 which says 'at any time' deprives a Reserve officer of due process and shall be stricken from the statute. The board of inquiry will be confined to a record review, as 10 USC § 14902 states. A Reserve officer will be given due process before a 10 USC § 14903 board of inquiry convenes for alleged poor performance or misconduct. The Army will make adjustments to ensure fair and impartial hearings, which includes the unbiased, judicious and prudent writing of 'elimination letters.'"*

5. I request that the Court give the following ruling: *"The Armed Services shall ensure that the redress system, to include a determination by the services' Boards for Correction of Military Records, shall take no longer than 1.5 years, which counts only the period of time which the redress system, and not the soldier, has the appeal. The redress system*

*time period starts on the date the first appeal is received at Human Resources Command and will finish in 1.5 years, marked by a completed inquiry, if necessary, and a ruling by the Services' corresponding BCMR."* As I have mentioned before, I think the ability to fatigue service members into compliance or defeat by the overly bureaucratic system for redress of poor evaluations, reprimands, and other 'administrative measures' requires this ruling.

6.  Rule that *"Any courts or boards of inquiry will comply with 10 USC § 14903 and 10 USC § 836 (aka UCMJ Article 36) which mandate the convening of fair and impartial hearings and the abiding by the general rules of courts martial and rules of evidence."*

7.  Please grant that the flag, or suspension of favorable actions, be lifted on my file and the separation board indefinitely called off, not just put on hold, until I can exhaust my administrative remedies. *"I direct the U. S. Army to lift the suspension of favorable personnel action from Major Debra L. Smith's file and to stop the board of inquiry proceedings against her while she is exhausting her administrative remedies."*

8. Please grant that my email be preserved as long as I'm exhausting my administrative remedies. Second, please grant me access to my classified email as 5 USC § 552, and 5 USC § 552a, allows. The order could read, *"I direct the Army Element at United States Central Command to preserve the classified files and email of Debra L. Smith, Major, US Army Reserves. I also direct that you give her access to these files so that she can properly defend herself in actions against her."*

9.  Please grant $10,000 as a slight reimbursement for damages I've already suffered for not being allowed Constitutional and other statutory rights. I understand that 28 USC Section 1346(a)(2) governs the amount I may ask for in this Court.

10.  Please grant that the Army be ordered to reimburse my filing fees and other reasonable costs I have incurred and will incur as a result of this civil suit.

11.  Please grant such other further relief as the Honorable Court may, in the circumstances, deem just and proper.

Thank you very much for your service and consideration.

Very Respectfully,

Debra L. Smith
Major, US Army Reserves, Individual Ready Reserves
PO Box 11655
Overland Park, KS 66207
Phone 913-226-2961