UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEBRA L. SMITH, | ) | |
|     Plaintiff | ) | |
| | ) | |
|     vs. | ) | Civil Action No. 06-1117 (RWR) |
| | ) | |
| SECRETARY OF THE ARMY | ) | |
| FRANCIS J. HARVEY | ) | |
|     Defendant. | ) | |
| _____ | ) | |

### REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### INTRODUCTION

Plaintiff raises a host of arguments in response to Defendant's Motion to Dismiss. All are without merit. This Court lacks jurisdiction over plaintiff's challenge to the Army's procedures for involuntary separation of United States Army Reserve (USAR) officers. Plaintiff's challenge is not ripe as the Army has not taken sufficiently final action. Additionally, Plaintiff has failed to state a claim under the Administrative Procedures Act (APA) because no final agency action has occurred. Finally, the Army's decision to initiate an involuntary separation is a nonjusticiable military decision.

The Secretary of the Army has express statutory authority to establish regulations regarding the involuntary separation of USAR commissioned officers. 10 U.S.C. § 14902. The Army's procedures for the involuntary separation of USAR officers provides substantial due process rights to servicemembers, and meets minimum due process requirements. All these grounds warrant dismissal.

## ARGUMENT

**I.    Plaintiff's Claim Should Be Dismissed for Lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12(b)(1)**

As stated in defendant's opening memorandum, the Court does not have jurisdiction to block the involuntary separation proceedings initiated against plaintiff, because the Army has not reached a final decision to separate plaintiff. The standards for reviewing a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) were outlined in defendant's opening memorandum. Plaintiff cites the standards for motions under Rule 12(b)(1) and 12(b)(6) generally applicable to the United States Court of Appeals for the Ninth Circuit. Pl. Opp. to Mot. to Dismiss, at 1-2. Of course, this Court is not bound by the decisions of the Ninth Circuit. Northwest Forest Resource Counsel v. Dombreck, 107 F.3d 897, 900 (D.C. Cir. 1997).

**A.    The Court Lacks Jurisdiction As Plaintiff's Claims Are Not Ripe For Review**

The Court lacks jurisdiction because the actions complained of are not ripe for review. Abbott Laboratories v. Gardner, 387 U.S. 136 (1967). Plaintiff fails to address the ripeness arguments presented by defendant. An important aspect of ripeness jurisprudence is that a claim is not ripe if it rests upon "contingent future events" that may not occur as anticipated, or may not occur at all. Texas v. United States, 523 U.S. 296, 300 (1998); Flynt v. Rumsfeld, 355 F.3d 697, 702 (D.C. Cir. 2004). Until final action is taken by the Army with regard to her separation, plaintiff's claims remain "contingent future events" that are not ripe, and should be dismissed.

Defendant's argument that this Court lacks jurisdiction under the ripeness doctrine until final action is taken is distinct from the argument that the Plaintiff fails to state a claim under the

the APA because no final agency action has been taken.  <u>Toca Producers v. Fed. Energy Reg. Comm'n</u>, 411 F.3d 262, 266 (D.C. Cir. 2005) (noting that ripeness "depends upon whether the issues are 'purely legal,' whether their consideration 'would benefit from a more concrete setting, and whether the agency's action is sufficiently final.'") (quoting <u>Atl. States Legal Found. v. EPA</u>, 325 F.3d 281, 284 (D.C. Cir. 2003)).  In <u>Toca Producers</u>, the D.C. Circuit held that, even though the challenged agency action constituted a "final agency action" under the APA, 5 U.S.C. § 704, the agency's action was not "sufficiently final."  <u>Id.</u>  Accordingly, this case is not ripe as the Army has not taken final action regarding plaintiff's involuntary separation.  Plaintiff's failure to address defendant's ripeness argument can be construed as a concession that this Court lacks jurisdiction under the ripeness doctrine.  <u>See</u> Local Civil Rule 7(b) (failure to oppose a motion may be treated as a concession of the motion).

**2.     Plaintiff's Suit Should be Dismissed under Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim upon which Relief Can be Granted**

    **A.     Plaintiff Fails to State a Claim Under The APA As There Has Been No Final Agency Action**

Plaintiff alleges that this court possesses jurisdiction based upon the existence of a Federal Question, 28 U.S.C. § 1331 and the APA.  Amend. Compl. at 8, ¶ 1.  Plaintiff argues that the Department of Defense is an agency under the APA.  Pl. Opp. to Mot. to Dismiss, at 2.[1]

---

[1] In her Amended Complaint, plaintiff argued that the authority for involuntary separation boards derived from Article 36, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 836, which deals with trial procedures for courts-martial, military commissions, and courts of inquiry under the UCMJ. Amend. Compl. at 13-14. Plaintiff also argues that the military commissions case, <u>Hamdan v. Rumsfeld</u> is relevant to her separation proceedings. 126 S. Ct. 2749 (2006). However, plaintiff now concedes that the separation proceedings are not a court martial or military commission. Pl. Opp. to Mot. to Dismiss, at 2. Plaintiff's opposition does not provide any meaningful response to defendant's arguments regarding Article 36. Indeed, it is well established that the separation proceedings must not comply with "the underlying principles

3

Defendant concedes this point, and also concedes that the Army is also an agency under the APA. Citing 5 U.S.C. § 706, plaintiff appears to argue that simple agency action, not final agency action, is subject to judicial review under the APA. Pl. Opp. to Mot. to Dismiss, at 3. However, section 706 deals with the "scope of review" that is permitted under the APA, once it has been determined that a particular agency action is subject to review. 5 U.S.C. § 706 (2005). Section 704 establishes which actions are reviewable by the courts. Agency action that is not final is only subject to judicial review when "made reviewable by statute." 5 U.S.C. § 704 (2005). Absent other statutory authority to review an agency action, the action must be final to be subject to judicial review. Trudeau v. FTC, 456 F.3d 178 (D.C. Cir. 2006). Plaintiff has not identified statutory authority to review her claim, absent final agency action.

     Plaintiff argues that the APA's final agency action requirement is unconstitutional, apparently because the Army is not required to wait for final action on any administrative procedure initiated by plaintiff. Pl. Opp. to Mot. to Dismiss, at 4. Plaintiff insists that the Army must wait to separate Plaintiff until action at the ABCMR challenging an Officer Evaluation Report, a review by the Army Central Clearance Facility of the revocation of her Security Clearance, the Judge Advocate General's review of a complaint filed by Plaintiff under Article 138 of the Uniform, Code of Military Justice and an as yet filed appeal of a Letter of Reprimand issued by a General Officer, have all been completed. Defendant is aware of no authority requiring a Government Agency to await final action on all conceivable administrative actions a Plaintiff may initiate before instituting its own action. Other than stating this requirement "is worse than double jeopardy," plaintiff cites no authority and provides no explanation of why her

---

of courts martial" under Article 36. Amend. Compl. at 14.

own on going administrative actions renders the APA final agency action requirement unconstitutional. Pl. Opp. to Mot. to Dismiss, at 4. On the contrary, the courts may only review Government action when sovereign immunity has been waived, Jurisdiction granted and a cause of action identified which permits Plaintiff "to invoke the power of the court to redress the violations of law that he claims" the agency has committed . Trudeau, 456 F.3d at 188. Additionally, plaintiff all but ignores the legitimate governmental interest in prompt action on involuntary separation proceedings. See Def. Mot. to Dismiss, at 23-24. If the Army eventually determines that plaintiff should be involuntarily separated, relief is still available to remedy any injustice, if it is later determined the decision was made in error. See e.g., 10 U.S.C. § 1552 (2005) (establishing the Army Board for Correction of Military Records). As no final agency action has been taken in this case, plaintiff's action must be dismissed, as no review is available under the APA.

Even if final agency action had been taken under the APA, plaintiff's monetary claims and request for a jury trial must be dismissed, as the APA does not waive sovereign immunity for such remedies. 5 U.S.C. § 702; Lehman v. Nakshian, 453 U.S. 156, 160 (1981).

**3.     The Decision of Plaintiff's Military Chain of Command to Initiate Involuntary Separation Proceedings Presents a Nonjusticiable Military Decision**

As stated in defendant's opening memorandum, this Circuit has held that military personnel decisions are nonjusticiable absent a decision from the appropriate military records correction board. Piersal v. Winter, 435 F.3d 319, 322 (D.C. Cir., 2006). Plaintiff argues she is not "challenging a military decision only," but also "the procedures and corresponding decisions" related to involuntary separations. Pl. Opp. to Mot. to

Dismiss, at 7. The decision to initiate the involuntary separation proceedings against plaintiff are nonjusticiable. Piersal, 435 F.3d at 322. If the Army does decide to separate plaintiff, she may apply to a military records correction board to remedy any perceived injustice. The "reasonableness" of that decision may be reviewable by this Court under the APA. Id. "We held justiciable, however, the serviceman's 'more modest request' to review 'the reasonableness' of the decision of a military board of correction pursuant to the standards of the APA." Id. However, the decisions challenged by plaintiff, namely to initiate the involuntary proceedings, are nonjusticiable military decisions. Id.

Plaintiff apparently abandons her claim that she should be given access to her classified email account. Defendant has established that decisions regarding classified information are nonjusticiable. Department of Navy v. Egan, 484 U.S. 518 (1988); Bennett v. Chertoff, 425 F.3d 999, 1002 (D.C. Cir. 2005)

**4.    The Secretary of the Army has Authority to Involuntarily Discharge USAR Officers**

Plaintiff argues that defendant has violated 10 U.S.C. § 12681, dismissing the well established precedent regarding the alter ego doctrine. Def. Mot. to Dismiss, at 18-19. Plaintiff argues that the language of section 12681 preempts the application of the alter ego doctrine, because the text mentions the "Secretary concerned." Pl. Opp. to Mot. to Dismiss, at 8. However, the statute does not state that "only the President" may discharge a reserve commissioned officer. It simply states the President has that authority, and also notes the secretaries may prescribe regulations to discharge other reserves. 10 U.S.C. § 12681. This is consistent with Wilcox v. Jackson and the alter ego doctrine, where the

secretary acts on the President's behalf. 38 U.S. 498, 513 (1839).

If 10 U.S.C. § 12681 creates any doubt that the Secretary of the Army has the authority to discharge reserve officers, it is resolved by 10 U.S.C. § 14902. Plaintiff acknowledges the applicability of this statute to her current status in the Individual Ready Reserve. Pl. Opp. to Mot. to Dismiss, at 9.[2] Sections 14902 and 14903 establish authority and procedures for the separation of reserve officers from active status[3] by the military Secretaries. 10 U.S.C. § 14902.

Plaintiff argues that the Board of Inquiry is designed to remove her from active status into an inactive status. Pl. Opp. to Mot. to Dismiss, at 10. Removal from active status does not imply an officer will be placed in an inactive status. Removal from active status for misconduct under 10 U.S.C. §§14902-03 means separation from the service. Section 14905 of title ten provides "[a]n officer removed from an active status under section 14903 of this title shall . . . if ineligible for retirement or transfer to the Retired reserve . . . be discharged." 10 U.S.C. § 14905(b).

Additionally, Department of Defense Directive (DODD) 1332.30 "[i]mplements

---

[2] Defendant erroneously indicated that plaintiff was in the "Inactive Ready Reserve." Def. Mot. to Dismiss, at 19-20. Plaintiff is a member of the Individual Ready Reserve and is not on inactive status. Defendant inadvertently used the term "active duty" instead of the term "active status." Defendant apologizes for any confusion this misstatement may have caused to plaintiff or to the Court.

[3] Active Status is defined as "[t]he status of a Reserve commissioned officer, other than a commissioned warrant officer, who is not in the inactive Army National Guard or the inactive Air National Guard, on an inactive status list, or in the Retired Reserve." Department of Defense Directive (DODD) 1332.30, Separation of Regular and Reserve Commissioned Officers, ¶ E1.1.3, Mar. 14, 1997 (certified current as of Dec. 1, 2003). DODD 1332.30 is attached as **Exhibit A**.

Reserve component policies and responsibilities resultant from [10 U.S.C. 14503, 14902-07] governing the administrative separation of Reserve commissioned officers for substandard performance of duty, an act or acts of misconduct, moral or professional dereliction." DODD 1332.30, ¶ 1.3.  Procedures for such separation proceedings are established in a separate Department of Defense Instruction (DODI).  DODI 1332.40, Separation Procedures for Regular and Reserve Commissioned Officers, Dec. 16, 1997.  These procedures require a Board of Inquiry to make findings and recommendations as to whether a servicemember should be retained in the military service.  DODI 1332.40, ¶ E3.3.3.  In cases where the Board of Inquiry determines that the retention in the military service of Officers on the Reserve Active Status List, such as plaintiff, is not warranted, then the case is referred to the Secretary of the Military Department under 10 U.S.C. 14903(d).  Id. at ¶ E3.3.4.3.

    These Department of Defense regulations clearly establish that the authority for a Board of Inquiry comes from sections 14902 and 14903.[4]  The regulations also demonstrate that the purpose of a Board of Inquiry is to determine whether administrative separation[5] from the service is necessary.  DODI 1332.30, ¶ 1.3.  Army Regulation 135-175 also states the purpose of the Board of Inquiry is to determine whether involuntary separation is appropriate.  A. Reg. 135-175, ¶ 2-12 (providing that the existence of acts of personal misconduct or conduct unbecoming an officer authorizes involuntary separation

---

[4] As 10 U.S.C. § 14902-03 is the authority for the involuntary separation proceedings regarding plaintiff, then her arguments regarding Article 36 of the UCMJ and the Sixth Amendment fall to the wayside.  See Pl. Opp. to Mot. to Dismiss, at 14.

[5] Separation means "[d]ischarge, retirement, or resignation." DODD 1332.30, ¶ E1.1.8.

of an officer.) It is not the purpose of a Board of Inquiry to transfer a servicemember to an inactive status, as argued by plaintiff. Pl. Opp. to Mot. to Dismiss, at 10. The Board of Inquiry was initiated to determine whether or not to separate plaintiff from the Army, not simply to transfer her from active status to inactive status. Amend. Compl., Ex. L. Accordingly, the Secretary of the Army has the authority to initiate involuntary separation proceedings against plaintiff. 10 U.S.C. § 14902; DODI 1332.40, ¶ E3.3.4.3; A. Reg. 135-175, ¶ 2-12.

5. **Army Reg. 135-175 Satisfies Fifth Amendment Due Process Requirements**

Plaintiff's claims also fail on the merits of her constitutional challenge. Plaintiff argues that she is not challenging an Army regulation. Pl. Opp. to Mot. to Dismiss, at 4. Nevertheless, she argues the Army's involuntary separation procedures "violate the law and U.S. Constitution." Id. at 5. Plaintiff argues Army Regulation 135-175 is "stale and outdated." Id. at 4. Although Army Regulation 135-175 is dated February 28, 1987, the involuntary separation procedures comply with the requirements of 10 U.S.C. §§ 14902-05. The Boards of Inquiry must be composed of at least three officers. 10 U.S.C. § 14903(a); A. Reg., ¶ 2-25(c)(3)(d). The hearing must be fair and impartial. 10 U.S.C. § 14903(b); A. Reg., ¶ 2-22(a). Recommendations must go to the Secretary of the Army, who may take action consistent with the recommendation of the Board of Inquiry. 10 U.S.C. § 14903(c)-(e); A. Reg., ¶ 2-20.1(a)&(b).

The rights and procedures outlined in Army Regulation 135-175 comply with the statutory rights in 10 U.S.C. § 14904, including: notice 30 days prior to the hearing (¶ 2-19(b)(6)); the right to appear and be represented by counsel (¶ 2-19(a)(3)&(4)); and full

access to relevant records, or a summary of those records the Secretary determines should be withheld in the interest of national security (¶ 2-27(b)(6)). As stated in defendant's opening memorandum, the rights afforded to plaintiff at the Board of Inquiry are significant and go well beyond minimum Fifth Amendment due process requirements. Def. Mot. to Dismiss, at 22-24.

      Plaintiff states the phrase "at any time" in 10 U.S.C. § 14902 is unconstitutional. Pl. Opp. to Mot. to Dismiss, at 4. As stated in defendant's opening memorandum, plaintiff's contention that she should have an unlimited opportunity to exhaust administrative remedies prior to the initiation of involuntary separation would rob the Army of the ability to take prompt action regarding personnel decisions. Def. Mot. to Dismiss, at 23-24. The substantial rights provided to plaintiff under Army Regulation 135-175, together with the government's substantial interest in prompt resolution of personnel actions, upholds the constitutionality of 10 U.S.C. § 14902.

      Plaintiff argues that the suspension of favorable actions (flag) and the involuntary separation proceedings are equivalent to punishment, as they cause her continued unemployment and lack of health insurance. However, as noted in defendant's opening memorandum, administrative action is distinct from criminal punishment. Rules for Courts-martial 306(d) (non-punitive administrative measures include administrative withholding of privileges). Service in the military, to include the benefits of pay and health insurance, is not a property right. Wilhelm v. Caldera, 90 F. Supp. 2d 3, 16 (D.D.C. 2000). Accordingly, withholding those privileges does not constitute punishment or a deprivation of protected rights.

Plaintiff also argues that the term "misconduct" is vague. The definition of misconduct[6] related to officer separations provides sufficiently clear guidelines to a Board of Inquiry and notice to an officer subject to separation to prevent arbitrary enforcement. See Parker v. Levy, 417 U.S. 733 (1974) (holding that the Article 133, UCMJ, Conduct Unbecoming an Officer and a Gentleman and Article 134, UCMJ, Conduct Prejudicial to Good Order and Discipline or Service Discrediting, were not void-for-vagueness under the Fifth Amendment).[7]

---

[6] A. Reg 600-8-24 provides the following definition for Misconduct, moral or professional dereliction:

> Conduct within the control of the officer concerned, which includes but is not limited to drug abuse, alcohol abuse, criminal conduct, and civil confinement and results in either of the following:  a. Tends to bring the officer or the Army into disrepute; or b. Results in the loss or abandonment of or suspension from professional status when lack of status adversely affects the member's ability to perform the duties; or c. Includes but is not limited to drug abuse, alcohol abuse, criminal conduct, and civil confinement.

A. Reg 600-8-24, § II, Terms.  See Def. Mot. to Dismiss, at n.1.

[7] The void-for-vagueness standards in Parker v. Levy are for criminal prosecution. Defendant does not contend that this is the appropriate standard for an administrative separation. Defendant simply points to this standard to demonstrate that the definition of misconduct would be sufficient for criminal void-for-vagueness analysis, and therefore far exceeds any requirements for an administrative separation proceeding.

## CONCLUSION

Accordingly, defendant's motion to dismiss should be granted, and this action dismissed with prejudice.

Respectfully submitted,

_____/s_____
KENNETH L. WAINSTEIN,
D.C. Bar #451058
United States Attorney


_____/s_____
RUDOLPH CONTRERAS
D.C. Bar No. 434122
Assistant United States Attorney


_____/s_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 353-9895

OF COUNSEL:
LIEUTENANT COLONEL JOSEPH C. FETTERMAN
MAJOR JERRETT W. DUNLAP
Office of The Judge Advocate General
Department of the Army
901 N. Stuart Street, Suite 400
Arlington, Virginia 22203

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Reply in Support of Defendant's

Motion to Dismiss  was served by First-Class mail; postage prepaid to:

Debra L. Smith
P.O. Box #11655
Overland Park, KS 66207,

on this 20th day of September, 2006.

                                                _____/s_____
                                                KEVIN K. ROBITAILLE
                                                Special Assistant U.S. Attorney
                                                Civil Division
                                                555 Fourth St., N.W.
                                                Washington, D.C.  20530
                                                202-353-9895  / FAX 202-514-8780