

Department of Defense
# INSTRUCTION

NUMBER 1332.40
September 16, 1997

USD(P&R)

SUBJECT:  Separation Procedures for Regular and Reserve Commissioned Officers

References:  (a)  DoD Directive 1332.30, "Separation of Regular and Reserve
Commissioned Officers," March 14, 1997
(b)  Title 10, United States Code
(c)  DoD Directive 1010.4, "Alcohol and Drug Abuse by DoD
Personnel," August 25, 1980
(d)  DoD 5200.2-R, "Personnel Security Program," January 1987,
authorized by DoD Directive 5200.2, May 6, 1992
(e)  Manual for Courts-Martial, United States, 1995 Edition
(f)  DoD Instruction 5505.8, "Investigations of Sexual Misconduct by
the Defense Criminal Investigative Organizations and Other DoD
Law Enforcement Organizations," February 28, 1994

1.  PURPOSE

This Instruction:

1.1.  Implements reference (a).

1.2.  Implements Chapter 60 of reference (b) to implement policy, assign
responsibilities, and prescribe procedures governing the administrative separation of
Regular commissioned officers for substandard performance of duty, for an act or
acts of misconduct or moral or professional dereliction, or in the interest of national
security.

1.3.  Implements Section 630 of reference (b) to implement policy, assign
responsibilities and prescribe procedures governing the administrative discharge of
regular commissioned officers with less than 5 years of active commissioned service

in certain circumstances.

1.4.  Implements Chapter 1411 of reference (b) to implement policy, assign responsibilities and prescribe procedures governing the administrative separation of Reserve commissioned officers for substandard performance of duty; for an act or acts of misconduct or moral or professional dereliction; or in the interest of national security.

1.5.  Implements Section 14503 of reference (b) to implement policy, assign responsibilities and prescribe procedures governing the administrative discharge of commissioned officers with less than 5 years service in an active status in certain circumstances.

1.6.  Implements Sections 1167 and 12687 of 10 U.S.C. (reference (b)) to separate military officers under confinement by sentence of court-martial after the sentence to confinement has become final under Chapter 47 of reference (b) and the officer has served in confinement for a period of six months.

## 2.  APPLICABILITY AND SCOPE

This Instruction:

2.1.  Applies to the Office of the Secretary of Defense and the Military Departments.   The term "Military Services," as used herein, refers to the Army, the Navy, the Air Force, and the Marine Corps.

2.2.  Applies to commissioned officers on the Active Duty List and the Reserve Active Status List of the Military Services.

2.3.  Does not apply to commissioned warrant officers and retired commissioned officers of the Military Services.

## 3.  DEFINITIONS

Terms used in this Instruction are defined in enclosure 1.

## 4.  POLICY

It is DoD policy under DoD Directive 1332.30 (reference (a)) to separate from

Military Service those commissioned officers who will not or cannot exercise the responsibility, fidelity, integrity, or competence required of them.

## 5.  RESPONSIBILITIES

5.1.  The Under Secretary of Defense for Personnel and Readiness shall ensure compliance with this Instruction.

5.2.  The Secretaries of the Military Departments shall:

5.2.1.  Administer Service separation programs consistent with the procedures in section 6., below.

5.2.2.  Address any recommendations for procedural changes in this Instruction to the Under Secretary of Defense for Personnel and Readiness.

## 6.  PROCEDURES

Procedures and standards for implementation are in enclosures 2 through 8.

*DODI 1332.40, September 16, 97*

7.  <u>EFFECTIVE DATE</u>

Instruction is effective immediately.

Rudy F. de Leon
Under Secretary of Defense
(Personnel and Readiness)

Enclosures - 8
  1. Definitions
  2. Reasons for Separation
  3. Procedures for Nonprobationary Commissioned Officers
  4. Composition of Boards
  5. Board of Inquiry Procedures
  6. Procedures for Certain Probationary Commissioned Officers
  7. Character of Discharge
  8. Guidelines for Fact-Finding Inquiries into Homosexual Conduct

# E1.  ENCLOSURE 1

## DEFINITIONS

E1.1.1.  <u>Active Commissioned Service</u>.    Service on active duty or full-time National Guard duty as a commissioned officer in a grade above warrant officer.

E1.1.2.  <u>Active Duty List</u>.    A single list for the Army, the Navy, the Air Force, or the Marine Corps that is required to be maintained under Section 620 of 10 U.S.C. (reference (b)) and that contains the names of all officers of that Military Service other than officers described in Section 641 of reference (b) who are serving on active duty.

E1.1.3.  <u>Active Status</u>.    The status of a Reserve commissioned officer who is not in the inactive Army National Guard or the inactive Air National Guard, on an Inactive Status List, or in the Retired Reserve.

E1.1.4.  <u>Bisexual</u>.    A person who engages in, attempts to engage in, has a propensity to engage in, or intends to engage in homosexual and heterosexual acts.

E1.1.5.  <u>Commander</u>.    A commissioned or warrant officer who, by virtue of rank and assignment, exercises primary command authority over a military organization or prescribed territorial area that under pertinent official directives is recognized as a "command."

E1.1.6.  <u>Commissioned Officer</u>.    An officer in any of the Military Services who holds a grade and office under a commission signed by the President, and who is appointed as a Regular or Reserve officer.   It does not include a commissioned warrant officer or a retired commissioned officer.

E1.1.7.  <u>Convening Authority</u>.    The Secretary of the Military Department concerned who may delegate that responsibility, as appropriate.

E1.1.8.  <u>Counsel</u>.    A lawyer qualified under 10 U.S.C. 827 (b)(1) (reference (b)) or a civilian lawyer retained at the commissioned officer's expense.

E1.1.9.  <u>Drug Abuse</u>.    As defined in DoD Directive 1010.4 (reference (c)).

E1.1.10.  <u>Homosexual</u>.    A person, regardless of sex, who engages in, attempts to engage in, has a propensity to engage in, or intends to engage in homosexual acts.

*DODI 1332.40, September 16, 97*

E1.1.11.  <u>Homosexual Act</u>.    Any bodily contact, actively undertaken or passively permitted, between members of the same sex for the purpose of satisfying sexual desires and any bodily contact that a reasonable person would understand to demonstrate a propensity or intent to engage in such an act.

E1.1.12.  <u>Homosexual Conduct</u>.    A homosexual act, a statement by the member that demonstrates a propensity or intent to engage in homosexual acts, or a homosexual marriage or attempted marriage.

E1.1.13.  <u>Homosexual Marriage or Attempted Marriage</u>.    When a member has married or attempted to marry a person known to be of the same biological sex.

E1.1.14.  <u>Legal Advisor</u>.    A judge advocate qualified under 10 U.S.C. 827 (b)(1) (reference (b)) and appointed to assist a Board of Inquiry.

E1.1.15.  <u>Nonprobationary Commissioned Officer</u>.    A commissioned officer other than a probationary commissioned officer.

E1.1.16.  <u>Probationary Commissioned Officer</u>.    A commissioned officer on the Active Duty List with less than 5 years of active commissioned service.   A Reserve commissioned officer with less than 5 years of commissioned service; however, a Reserve commissioned officer serving in an active status before October 1, 1996, who was in a probationary status prior to that date, shall be a probationary commissioned officer for a period of 3 years from the date of his or her appointment as a Reserve commissioned officer.

E1.1.17.  <u>Propensity to Engage in Homosexual Acts</u>.    A likelihood that a person engages in or will engage in homosexual acts, which is more that an abstract preference or desire to engage in homosexual acts.

E1.1.18.  <u>Reserve Active Status List</u>.    A single list for the Army, the Navy, the Air Force, or the Marine Corps, required to be maintained under Section 14002 of reference (b), which contains the names of all officers of that Armed Force, except warrant officers (including commissioned warrant officers) who are in an active status in a Reserve component of the Army, the Navy, the Air Force, or the Marine Corps and are not on an Active Duty List.

E1.1.19.  <u>Respondent</u>.    A commissioned officer required to show cause for retention on active duty.

E1.1.20.  <u>Separation</u>.    Discharge, retirement, or resignation.

E1.1.21.  <u>Sexual Orientation</u>.    An abstract sexual preference for persons of a particular sex, as distinct from a propensity or intent to engage in sexual acts.

E1.1.22.  <u>Show-Cause Authority</u>.    Any of the following, as determined by the Secretary of the Military Department concerned:

E1.1.22.1.  The Secretary of the Military Department concerned or officers (not below the grade of major general or rear admiral (upper half)) designated by the Secretaries of the Military Departments concerned to determine, based on a record review, that an officer shall be required to show cause for retention in the military service.

E1.1.22.2.  Commanders of reserve personnel centers, commanders exercising general court-martial authority and all general or flag rank officers in command who have a judge advocate or legal advisor available.

E1.1.23.  <u>Statement that a Member Is a Homosexual or Bisexual, or Words to That Effect</u>.    Language or behavior that a reasonable person would believe was intended to convey the statement that a person engages in, attempts to engage in, or has a propensity or intent to engage in homosexual acts.   This may include statements such as "I am a homosexual," "I am gay," "I am a lesbian," "I have a homosexual orientation," and the like.

## E2.  ENCLOSURE 2

## REASONS FOR SEPARATION

### E2.1.  SUBSTANDARD PERFORMANCE OF DUTY

A commissioned officer may be separated from a Military Service, under regulations prescribed by the Secretary of the Military Department concerned, when, as compared to other commissioned officers of his or her grade and experience, he or she is found to be substandard in any of the following:

E2.1.1.  Performance of duty.

E2.1.2.  Efficiency.

E2.1.3.  Leadership.

E2.1.4.  Lack of response to training, in that performance of duties in the officer's assigned specialty is precluded or impaired to the degree of being unsatisfactory.

E2.1.5.  Attitude or character.

E2.1.6.  Failure to maintain satisfactory progress while in an active status student officer program.

### E2.2.  ACTS OF MISCONDUCT OR MORAL OR PROFESSIONAL DERELICTION

A commissioned officer may be separated from the Military Service, under regulations prescribed by the Secretary of the Military Department concerned, when he or she is found to have committed an act or acts of misconduct or moral or professional dereliction, which include (but are not limited to) the following:

E2.2.1.  Serious or recurring wrongdoing, punishable by military or civilian authorities.

E2.2.2.  Intentional or discreditable mismanagement of personal affairs, including financial affairs.

E2.2.3.  Drug abuse.

E2.2.4.  Intentional neglect of, or failure to perform, assigned duties or complete required training.

E2.2.5.  Conduct resulting in the loss of professional status to such an extent as to impair performance of assigned military duties.

E2.2.6.  Intentional misrepresentation of facts in obtaining an appointment or in official statements or records.

E2.3.  HOMOSEXUAL CONDUCT

Homosexual conduct is grounds for separation from the Military Services under the terms set forth in paragraph E2.3.1.2., below.   Homosexual conduct includes homosexual acts, a statement by a member that demonstrates a propensity or intent to engage in homosexual acts, or a homosexual marriage or attempted marriage.   A statement by a member that demonstrates a propensity or intent to engage in homosexual acts is grounds for separation not because it reflects the member's sexual orientation, but because the statement indicates a likelihood that the member engages in or will engage in homosexual acts.   A member's sexual orientation is considered a personal and private matter, and is not a bar to continued service under this section unless manifested by homosexual conduct in the manner described in subsection E2.3.1., below.

E2.3.1.  A commissioned officer shall be separated under this section if one or more of the following approved findings is made:

E2.3.1.1.  The officer has engaged in, attempted to engage in, or solicited another to engage in a homosexual act or acts, unless there are approved further findings that the officer has demonstrated as follows, that:

E2.3.1.1.1.  Such acts are a departure from the officer's usual and customary behavior.

E2.3.1.1.2.  Such acts under all the circumstances are unlikely to recur.

E2.3.1.1.3.  Such acts were not accomplished by use of force, coercion, or intimidation.

ENCLOSURE 2

*DODI 1332.40, September 16, 97*

E2.3.1.1.4.  Under the particular circumstances of the case, the officer's continued presence in the Armed Forces is consistent with the interests of the Armed Forces in proper discipline, good order, and morale of the Service.

E2.3.1.1.5.  The officer does not have a propensity or intent to engage in homosexual acts.

E2.3.1.2.  The officer has made a statement that he or she is a homosexual or bisexual, or words to that effect, unless there is a further approved finding that the officer has demonstrated that he or she is not a person who engages in, attempts to engage in, has a propensity to engage in, or intends to engage in homosexual acts.  A statement by an officer that he or she is a homosexual or bisexual, or words to that effect, creates a rebuttable presumption that the officer engages in, attempts to engage in, has a propensity to engage in, or intends to engage in homosexual acts.  The officer shall be advised of that presumption and given the opportunity to rebut the presumption by presenting evidence demonstrating that he or she does not engage in, attempt to engage in, have a propensity to engage in, or intend to engage in homosexual acts.  "Propensity to engage in homosexual acts" means more than an abstract preference or desire to engage in homosexual acts; it indicates a likelihood that a person engages in or will engage in homosexual acts.  In determining whether an officer has successfully rebutted the presumption that he or she engages in, attempts to engage in, or has a propensity or intent to engage in homosexual acts, some or all of the following may be considered:

E2.3.1.2.1.  Whether the officer has engaged in homosexual acts;

E2.3.1.2.2.  The officer's credibility;

E2.3.1.2.3.  Testimony from others about the officer's past conduct, character, and credibility;

E2.3.1.2.4.  The nature and circumstances of the officer's statement;

E2.3.1.2.5.  Any other evidence relevant to whether the officer is likely to engage in homosexual acts.

(The list in subparagraphs E2.3.1.2.1. through E2.3.1.2.5., above, is not exhaustive; any other relevant evidence may also be considered.)

E2.3.1.3.  The officer has married or attempted to marry a person known to

ENCLOSURE 2

be of the same sex (as evidenced by the external anatomy of the persons involved).

E2.3.2.  The commissioned officer shall bear the burden of proving throughout the proceedings, by a preponderance of the evidence, that retention is warranted under the limited circumstances described in paragraphs E2.3.1.1. and E2.3.1.2., above.

E2.3.3.  Nothing in this Instruction or the Service implementing regulations requires that an officer be processed for separation when a determination is made as follows, in accordance with regulations prescribed by the Secretary concerned that:

E2.3.3.1.  The officer engaged in acts, made statements, or married or attempted to marry a person known to be of the same biological sex for the purpose of avoiding Military Service.

E2.3.3.2.  Separation of the officer would not be in the best interest of the Armed Forces.

E2.4.  <u>RETENTION IS NOT CONSISTENT WITH THE INTERESTS OF NATIONAL SECURITY</u>

Under DoD 5200.2-R (reference (d)), a commissioned officer may be separated from a Military Service when it is determined that the commissioned officer's retention is clearly inconsistent with the interest of national security.

E2.5.  <u>SEPARATION IN CASES INVOLVING EXTENDED CONFINEMENT</u>

Under Sections 1167 and 12687 of 10 U.S.C. (reference (b)), a member of the Military Service sentenced by a court-martial to a period of confinement for more than six months may be separated from that member's Armed Force at any time after the sentence to confinement has become final under Chapter 47 of reference (b), and the person has served in confinement for a period of six months.

E2.6.  <u>MULTIPLE REASONS</u>

A commissioned officer may be considered for separation for one or more of the reasons set out in sections E2.1. through E2.5., above.  However, separate findings under each applicable section shall be required for each separation basis identified.

*DODI 1332.40, September 16, 97*

# E3.  ENCLOSURE 3

## PROCEDURES FOR NONPROBATIONARY COMMISSIONED OFFICERS

## E3.1.  INITIATION OF ACTION

The Secretary of each Military Department shall prescribe procedures for the initiation of separation recommendations.

## E3.2.  SHOW-CAUSE AUTHORITY

E3.2.1.  The show-cause authority shall determine whether an officer shall be required to show cause for retention in the military service for one or more of the reasons listed in enclosure 2, and as further defined by the Secretary of the Military Department concerned.

E3.2.2.  The show-cause authority shall do, as follows:

E3.2.2.1.  Evaluate all information presented about the case under consideration.

E3.2.2.2.  Determine whether the record is sufficient to require the officer to show cause for retention in the military service.

E3.2.2.3.  Under regulations prescribed by the Secretary of the Military Departments concerned, close the case if the authority determines that the officer should not be required to show cause for retention in the military service.

E3.2.2.4.  Report the matter for referral to a Board of Inquiry if the authority determines that the officer should be required to show cause for retention in the military service.   The reasons for making such a determination shall be provided to the officer in writing.

E3.2.2.5.  Refer the case to a Board of Inquiry if the record supports a finding of homosexual conduct under enclosure 2.

E3.2.2.6.  Consider the initiation of separation action if the record supports a finding of drug abuse under enclosure 2.

E3.2.3.  As in 10 U.S.C. 618(c)(2) or 14109(c) (reference (b)), the Secretary of

the Military Department concerned may require an officer to show cause for retention on active duty or in an active status based on the recommendation of a promotion selection board.

E3.3.  BOARD OF INQUIRY

E3.3.1.  Composition.    See enclosure 4.

E3.3.2.  Convening.    A Board of Inquiry shall be convened under such regulations as may be prescribed by the Secretary of the Military Department concerned.

E3.3.3.  Function.    A Board of Inquiry shall give a fair and impartial hearing to a respondent.   The Board of Inquiry is an administrative board that shall consider all relevant and material evidence about the case and shall function under rules and procedures established by the Secretary of the Military Department concerned.   The Board of Inquiry shall make findings on each reason for separation and a recommendation as to whether a respondent should be retained in the military service.   The board also shall recommend the character of discharge, in accordance with regulations prescribed by the Secretary of the Military Department concerned, if it recommends discharge.   Its findings must be supported by a preponderance of the evidence.   The proceedings and hearing before a Board of Inquiry are intended to give the officer an opportunity to respond to, and rebut, the basis for the contemplated change of status, after having been informed of the contemplated change and the reasons therefor.   The hearing shall provide a forum for why the officer concerned thinks the contemplated action should not be taken.

E3.3.4.  Determinations

E3.3.4.1.  If a Board of Inquiry determines that the respondent's retention in the military service is warranted, the case is closed.   In the case of homosexual conduct, the board shall make specific findings of the reasons warranting retention in accordance with enclosure 2.

E3.3.4.2.  If a Board of Inquiry determines that the respondent's retention in the military service is not warranted, it shall report the matter to a Board of Review, making specific findings of the reasons retention is not warranted and, if appropriate, stating the character of discharge to be issued to the respondent.

E3.3.4.3.  For officers on the Reserve Active Status List, refer the case to the

*DODI 1332.40, September 16, 97*

Secretary of the Military Department concerned for disposition under 10 U.S.C. 14903(d) (reference (b)).


E3.4.  <u>BOARD OF REVIEW</u>

E3.4.1.  <u>Composition</u>.    See enclosure 4.

E3.4.2.  <u>Convening</u>.    A Board of Review shall he convened for members on the Active Duty List under such regulations prescribed by the Secretary of the Military Department concerned.

E3.4.3.  <u>Function</u>.    After a Board of Inquiry has determined a respondent has failed to establish that retention in the military service is warranted, the Board of Review shall review the record for examining the grounds for such determination.

E3.4.4.  <u>Determinations</u>.

E3.4.4.1.  If a Board of Review determines that the respondent has established that retention on active duty is warranted, the case is closed.   In the case of homosexual conduct, the board shall make specific findings of the reasons warranting retention, in accordance with enclosure 2.

E3.4.4.2.  If a Board of Review determines that the respondent has failed to establish that retention in the military service is warranted, the Board of Review shall recommend to the Secretary of the Military Department concerned that the respondent should be separated, making specific findings of the reasons retention is not warranted and, if appropriate, stating the character of discharge to be issued to the respondent.


E3.5.  <u>ACTION BY THE SECRETARY OF THE MILITARY DEPARTMENT CONCERNED ON RECOMMENDATION OF THE BOARD OF REVIEW</u>

If the Board of Review recommends that the respondent not be retained in the military service, the Secretary of the Military Department concerned may direct the following:

E3.5.1.  Separation.

E3.5.2.  Retention.

ENCLOSURE 3

*DODI 1332.40, September 16, 97*

(The action of the Secretary of the Military Department concerned is final.)


E3.6.  <u>RETIREMENT OR DISCHARGE</u>

E3.6.1.  <u>Retirement</u>.   A commissioned officer separated from active duty or from an active status, in accordance with this Instruction, may request if eligible for voluntary retirement under any law on the date of such separation, and shall be retired in the grade and with the retired pay for which eligible if retired under such provision.

E3.6.2.  <u>Discharge</u>.   A commissioned officer separated from the military service in accordance with this Instruction, if ineligible for retirement under any law on the date of such separation, shall be as follows:

E3.6.2.1.  Honorably discharged in the grade then held if separated only for substandard performance of duty; or,

E3.6.2.2.  Discharged in the grade then held if separated for misconduct, for moral or professional dereliction, homosexual conduct, or in the interest of national security.   The character of discharge shall be determined by the Secretary of the Military Department concerned but in no case shall it be more severe than that recommended by the Board of Inquiry.

E3.6.3.  An officer of the Army National Guard of the United States or the Air National Guard of the United States whose Federal recognition as an officer of the National Guard is withdrawn, shall be discharged from the officer's appointment as a Reserve officer of the Army or the Air Force, as the case may be.


E3.7.  <u>APPLICATION FOR RETIREMENT OR DISCHARGE</u>

At any time before final action in the case, the Secretary of the Military Department concerned may grant a request by the commissioned officer concerned for the following:

E3.7.1.  Voluntary retirement.

E3.7.2.  Transfer to the Retired Reserve.

E3.7.3.  Discharge.

(The action of the Secretary of the Military Department concerned is final.)

ENCLOSURE 3

*DODI 1332.40, September 16, 97*

E3.8.  UNDERLINE_LIMITATIONS

E3.8.1.  A commissioned officer required to show cause for retention in the military service because of substandard performance of duty and who is retained on active duty or in an active status by a Board of Inquiry or a Board of Review may not again be required to show cause for retention for the same reasons within the year period beginning on the date of the determination to retain.

E3.8.2.  Subject to subsection E3.8.3., below, a commissioned officer required to show cause for retention in the military service because of misconduct, moral or professional dereliction, homosexual conduct, or in the interest of national security, and who is retained on active duty or in an active status by a Board of Inquiry or a Board of Review may again be required to show cause for retention at any time.

E3.8.3.  A commissioned officer may not again be required to show cause for retention in the military service solely because of conduct that was the subject of the previous proceedings, unless the findings and recommendations of the Board of Inquiry or Board of Review that considered the case are determined to have been the result of fraud or collusion.

*DODI 1332.40, September 16, 97*

# E4.  ENCLOSURE 4

## COMPOSITION OF BOARDS

### E4.1.  COMPOSITION

Each board convened in accordance with this Instruction shall be composed of at least three commissioned officers having the qualifications prescribed by section E4.2., below, of this enclosure.   The senior member shall be the President of the Board.   A nonvoting legal advisor may also be appointed to assist the Board of Inquiry.

### E4.2.  OFFICERS ELIGIBLE TO SERVE ON BOARDS

E4.2.1.  Each commissioned officer who serves on a board must be an officer on the Active Duty List or on the Reserve Active Status List of the same Military Service as the respondent.

E4.2.2.  A commissioned officer may not serve on a board unless he or she is serving on active duty or in an active status in a grade above lieutenant colonel or commander, and is senior in grade and rank to any respondent being considered by the board.

E4.2.3.  If qualified commissioned officers from the Active Duty List or from the Reserve Active Status List are not available in sufficient numbers to comprise a board, the Secretary of the Military Department concerned shall complete the membership of the board by appointing retired regular or Reserve (for consideration of Reserve component members) commissioned officers of the same Military Service.   The retired grade of such officers must be above lieutenant colonel or commander and must be senior to the grade held by any respondent being considered by the board.

E4.2.4.  A retired general or flag officer, who is on active duty solely for the purpose of serving on a board, shall not while so serving, be counted against any limitations on the number of general and flag officers who may be on active duty.

E4.2.5.  No person shall be a member of more than one board convened under this Instruction to consider the same respondent.

*DODI 1332.40, September 16, 97*

ENCLOSURE 4

# E5.  ENCLOSURE 5

## BOARD OF INQUIRY PROCEDURES

### E5.1.  CHALLENGES

Under regulations prescribed by the Secretary of the Military Department concerned, board members are subject to challenge for cause only.   If the membership of the board is reduced to less than three officers, the convening authority shall appoint additional members.

### E5.2.  LEGAL ADVISOR

The legal advisor, if appointed, shall perform such functions as the Secretary of the Military Department concerned may prescribe except that the legal advisor has no authority to dismiss any allegation against the respondent or to terminate the proceedings.

### E5.3.  RECORDER

The Government may be represented before the board by a recorder whose duties shall be prescribed by the Secretary of the Military Department concerned.

### E5.4.  RIGHTS OF A RESPONDENT REQUIRED TO SHOW CAUSE FOR RETENTION BEFORE A BOARD OF INQUIRY

E5.4.1.  When the case is referred to a Board of Inquiry, the respondent shall be notified in writing, at least 30 days before the hearing, of the reasons for which he or she shall be required to show cause for retention in the military service and of the least favorable characterization of discharge for which the officer may be recommended.   Notification shall be by registered mail or certified mail, return receipt requested (or by an equivalent form of Notice if such service by U.S. Mail is not available for delivery at an address outside the United States) to the member's last known address or to the next of kin under regulations prescribed by the Military Department concerned.

E5.4.2.  The respondent shall be allowed a reasonable period of time, as determined by the Board of Inquiry, to prepare his or her showing of cause for

retention in the military service.

E5.4.3.  The respondent may appear in person at all proceedings of the Board of Inquiry.   Nonresponse to the notification letter may be construed as the respondent voluntarily electing not to appear before the Board.

E5.4.4.  The respondent may be represented either by military counsel appointed by the convening authority or by military counsel of the respondent's own choice (if the counsel of choice is determined to be reasonably available under regulations prescribed by the Secretary of the Military Department concerned), but not by both. The respondent may employ civilian counsel, at no expense to the Government, in which case military counsel need not be assigned, if so provided by regulations of the Secretary of the Military Department concerned.

E5.4.5.  The respondent shall be allowed full access to, and be furnished copies of, records about the case.   However, the Board of Inquiry shall withhold any records that the Secretary of the Military Department concerned determines should be withheld in the interest of national security.   When any records are withheld, the respondent shall be furnished, to the extent practicable, a summary of the records so withheld.

E5.4.6.  The respondent may request the appearance before the board of any witness whose testimony is considered to be pertinent to his or her case.   A determination on the availability of the witness or whether the witness shall be required to appear, and the materiality of the witness, shall be made under regulations of the Secretary of the Military Department concerned.   Witnesses not on active duty must appear voluntarily and at no expense to the Government, except as otherwise authorized by the Secretary of the Military Department concerned.

E5.4.7.  Subject to regulations prescribed by the Secretary of the Military Department concerned, the respondent may submit, at any time before the board convenes or during the proceedings, documents from his or her record of service, letters, answers, depositions, sworn or unsworn statements, affidavits, certificates, or stipulations.   Those documents may include depositions of witnesses not deemed to be reasonably available or of witnesses unwilling to appear voluntarily.

E5.4.8.  The respondent may testify in his or her behalf subject to 10 U.S.C. 831 (reference (b)).

E5.4.9.  The respondent and his or her counsel may question any witness who

*DODI 1332.40, September 16, 97*

appears before the board.

E5.4.10.  The respondent or counsel for the respondent may present oral or written argument, or both, on the matter to the board.

E5.4.11.  The respondent may, under regulations prescribed by the Secretary of the Military Department concerned, request a continuance, when necessary, for the preparation of his or her case before the board.

## E5.5.  BOARD DETERMINATION

The Board of Inquiry shall decide the case on the evidence received or developed during open hearings.   Voting shall be conducted in closed session with only voting members of the board in attendance.   All findings and recommendations shall be determined by a majority vote.

## E5.6.  REPORT OF PROCEEDINGS

The record of proceedings shall be kept in summarized form unless a verbatim record is required by the Show Cause Authority (SCA) or the Secretary of the Military Department concerned.   In all cases, the findings and recommendations of the Board of Inquiry shall be stated in clear and concise language and shall be signed by all Board members concurring.   Those Board members not concurring in the findings or recommendations, or both, may file a statement of nonconcurrence, and the reasons therefor, for inclusion in the record.   The respondent shall be provided a copy of the report of the proceedings and the findings and recommendation of the board and shall be provided an opportunity to submit written comments for consideration by the Board of Review.   When the Board of Inquiry determines that retention in the military service is warranted, and the case is closed, a summarized report of the proceedings may be prepared under regulations prescribed by the Secretary of the Military Department concerned.

# E6.  ENCLOSURE 6

## PROCEDURES FOR CERTAIN PROBATIONARY COMMISSIONED OFFICERS

## E6.1.  INITIATION OF ACTION

E6.1.1.  In cases in which the SCA determines that an honorable or general characterization is appropriate, the SCA may initiate separation action without a Board of Inquiry (subject to such regulation prescribed by the Secretary of the Military Department concerned) for any of the reasons stated in enclosure 2 of this Instruction, or for such other reasons as the Secretary of the Military Department concerned may prescribe by regulation.   In such cases, the respondent shall be advised in writing of the following:

E6.1.1.1.  The reason action was initiated and the character of discharge (honorable or general) recommended.

E6.1.1.2.  That he or she may tender a resignation.

E6.1.1.3.  That he or she may submit a rebuttal or declination statement instead of a resignation.

E6.1.1.4.  That he or she may confer with appointed or retained counsel.

(The officer shall be permitted a reasonable period of time to prepare his or her response.)

E6.1.2.  In cases where the SCA deems that an Other Than Honorable Discharge may be appropriate, or in other cases deemed appropriate, the SCA shall refer the case directly to a Board of Inquiry.

## E6.2.  PROCESSING

E6.2.1.  In cases in which the SCA recommends an honorable or general characterization of service, the recommendation for separation, supporting documentation, respondent's rebuttal statement (if submitted), and any resignation (if tendered) shall be forwarded to the Secretary of the Military Department concerned. The Secretary of the Military Department concerned shall take one of the following courses of action:

*DODI 1332.40, September 16, 97*

E6.2.1.1.  Accept the resignation (if tendered)

E6.2.1.2.  Deny the resignation (if tendered) and discharge the respondent with an honorable or general characterization of service.

E6.2.1.3.  Deny the resignation (if tendered) and refer the case to a Board of Inquiry, if the Secretary of the Military Department concerned deems that an Other Than Honorable Discharge may be appropriate, or that such referral is otherwise appropriate.

E6.2.1.4.  Retain the Respondent.

E6.2.2.  Cases referred to a Board of Inquiry by the SCA or the Secretary of the Military Department shall be processed in accordance with sections E3.3., E3.4., and E3.5. of enclosure 3.

E6.2.3.  In all cases, the action of the Secretary of the Military Department concerned is final.

*DODI 1332.40, September 16, 97*

# E7.  ENCLOSURE 7

## CHARACTER OF DISCHARGE

## E7.1.  DISCHARGE FOR SUBSTANDARD PERFORMANCE OF DUTY

A discharge shall be characterized as "Honorable" (whether Honorable or General (under Honorable Conditions)) when substandard performance of duty is the sole basis for the discharge.

## E7.2.  DISCHARGE FOR MISCONDUCT OR FOR MORAL OR PROFESSIONAL DERELICTION, OR HOMOSEXUAL CONDUCT OR IN THE INTERESTS OF NATIONAL SECURITY

A discharge shall be characterized as "Honorable," "General (Under Honorable Conditions)," or "Under Other Than Honorable Conditions."

E7.2.1.  Consideration.    The character of a discharge shall be predicated on the commissioned officer's behavior and performance of duty while a member of a Military Service.   Characterization normally shall be based on a pattern of behavior and duty performance rather than an isolated incident.   There are circumstances in which conduct reflected by a single incident may provide the basis for characterization.

E7.2.2.  Exceptions.

E7.2.2.1.  A discharge shall be characterized as "Honorable" when the grounds for discharge are based solely on pre-Service activities, other than intentional misrepresentation, or omission of facts, in obtaining an appointment or in official statements or records.

E7.2.2.2.  A discharge shall be characterized as "Honorable" or "Under Honorable Conditions" when the sole basis for separation is homosexual conduct unless aggravated acts are included in the findings.   A separation "Under Other Than Honorable Conditions" may be issued if there is a finding that the officer attempted, solicited, or committed a homosexual act, as follows:

E7.2.2.2.1.  By using force, coercion, or intimidation.

*DODI 1332.40, September 16, 97*

E7.2.2.2.2.  With a person under 16 years of age.

E7.2.2.2.3.  With a person in a subordinate position.

E7.2.2.2.4.  Openly in public view.

E7.2.2.2.5.  For compensation.

E7.2.2.2.6.  Aboard a military vessel or aircraft.

E7.2.2.2.7.  In a location subject to military control under aggravating circumstances, noted in the finding, that have an adverse impact on discipline, good order, or morale comparable to the impact of such activity aboard a vessel or aircraft.

*DODI 1332.40, September 16, 97*

# E8.  ENCLOSURE 8

## GUIDELINES FOR FACT-FINDING INQUIRIES INTO HOMOSEXUAL CONDUCT

## E8.1.  RESPONSIBILITY

E8.1.1.  Only the member's commander is authorized to initiate fact-finding inquiries involving homosexual conduct.   A commander may initiate a fact-finding inquiry only when he or she has received credible information that there is basis for discharge.   Commanders are responsible for ensuring that inquiries are conducted properly and that no abuse of authority occurs.

E8.1.2.  A fact-finding inquiry may be conducted by the commander personally or by a person he or she appoints.   It may consist of an examination of the information reported or a more extensive investigation, as necessary.

E8.1.3.  The inquiry should gather all credible information that directly relates to the grounds for possible separation.   Inquiries shall be limited to the factual circumstances directly relevant to the specific allegations.

E8.1.4.  If a commander has credible evidence of possible criminal conduct, he or she shall follow the procedures in the Manual for Courts-Martial, (reference (e)) and implementing regulations issued by the Secretary of the Military Departments concerned.

E8.1.5.  The guidelines in this enclosure do not apply to activities of Defense Criminal Investigative Organizations and other DoD law enforcement organizations, which are governed by DoD Instruction 5505.8 (reference (f)).

## E8.2.  DEFINITIONS

Terms used are defined in enclosure 1.

## E8.3.  BASES FOR CONDUCTING INQUIRIES

E8.3.1.  A commander will initiate an inquiry only if he or she has credible information that there is a basis for discharge.   Credible information exists when the information, considering its source and the surrounding circumstances, supports a

*DODI 1332.40, September 16, 97*

reasonable belief that there is a basis for discharge.   It requires a determination based on articulable facts, not just a belief or suspicion.

E8.3.2.  A basis for discharge exists if, as follows:

E8.3.2.1.  The member has engaged in a homosexual act.

E8.3.2.2.  The member has said that he or she is a homosexual or bisexual, or made some other statement that indicates a propensity or intent to engage in homosexual acts; or

E8.3.2.3.  The member has married or attempted to marry a person of the same sex.

E8.3.3.  Credible information does not exist, for example, when, as follows:

E8.3.3.1.  The individual is suspected of engaging in homosexual conduct, but there is no credible information, as described, to support that suspicion; or

E8.3.3.2.  The only information is the opinions of others that a member is a homosexual; or

E8.3.3.3.  The inquiry would be based on rumor, suspicion, or capricious claims concerning a member's sexual orientation; or

E8.3.3.4.  The only information known is an associational activity such as going to a gay bar, possessing or reading homosexual publications, associating with known homosexuals, or marching in a gay rights rally in civilian clothes.   Such activity, in and of itself, does not provide evidence of homosexual conduct.

E8.3.4.  Credible information exists, for example, when, as follows:

E8.3.4.1.  A reliable person states that he or she observed or heard a Service member engaging in homosexual acts, or saying that he or she is a homosexual or bisexual or is married to a member of the same sex;

E8.3.4.2.  A reliable person states that he or she heard, observed, or discovered a member make a spoken or written statement that a reasonable person would believe was intended to convey the fact that he or she engages in, attempts to engage in, or has a propensity or intent to engage in homosexual acts; or,

E8.3.4.3.  A reliable person states that he or she observed behavior that amounts to a nonverbal statement by a member that he or she is a homosexual, or bisexual; i.e., behavior that a reasonable person would believe was intended to convey the statement that the member engages in, attempts to engage in, or has a propensity or intent to engage in homosexual acts.

E8.4.  <u>PROCEDURES</u>

E8.4.1.  Informal fact-finding inquiries and administrative separation procedures are the preferred method of addressing homosexual conduct.   This does not prevent disciplinary action or trial by courts-martial, when appropriate.

E8.4.2.  Commanders shall exercise sound discretion regarding when credible information exists.   They shall examine the information and decide whether an inquiry is warranted or whether no action should be taken.

E8.4.3.  Commanders or appointed inquiry officials shall not ask, and members shall not be required to reveal, whether a member is a heterosexual, a homosexual, or a bisexual.   However, upon receipt of credible information of, homosexual conduct (as described in section E8.3., above) commanders or appointed inquiry officials may ask members if they engaged in such conduct.  But the member shall first be advised of the DoD policy on homosexual conduct (and rights under 10 U.S.C 831, reference (b), if applicable).   Should the member choose not to discuss the matter further, the commander should consider other available information.   Nothing in this provision precludes questioning a member about any information provided by the member in the course of the fact-finding inquiry or any related proceeding, nor does it provide the member with any basis for challenging the validity of any proceeding or the use of any, evidence, including a statement by the member, in any proceeding.

E8.4.4.  At any given point of the inquiry, the commander or appointed inquiry official must be able clearly and specifically to explain which grounds for separation he or she is attempting to verify and how the information being collected relates to those specific separation grounds.

E8.4.5.  A statement by a Service member that he or she is a homosexual or bisexual creates a rebuttable presumption that the Service member engages in, attempts to engage in, has a propensity to engage in, or intends to engage in homosexual acts.   The Service member shall be given the opportunity to present evidence demonstrating that he or she does not engage in, attempt to engage in, or

have a propensity or intent to engage in homosexual acts.

E8.4.6.  The Service member bears the burden of proving, by a preponderance of the evidence, that he or she is not a person who engages in, attempts to engage in, has a propensity to engage in, or intends to engage in homosexual acts.

E8.5.  <u>LEGAL EFFECT</u>

The procedures in this enclosure create no substantive or procedural rights.